23196

The STATE, Respondent v. Bruce Eugene RIDDLE, Appellant.

(391 S.E. (2d) 253)

Supreme Court

*Asst. Appellate Defenders Stephen P. Williams* and *Joseph L. Savitz, III,* both of *S.C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Norman Mark Rapoport,* Columbia, and *Solicitor William L. Ferguson,* York, *for respondent.*

Heard Oct. 30, 1989.

Decided April 16, 1990.

CHANDLER, Justice:

Amended Opinion Number 23127, 387 S.E. (2d) 455, is

vacated, and the following substituted in its place.

Appellant, Bruce Eugene Riddle (Riddle) contends the Circuit Court erred in permitting an amendment to his indictment during the course of trial. We agree and reverse.

Riddle was indicted for assault with intent to commit third degree criminal sexual conduct. At the close of evidence, the indictment was amended to charge assault with intent to commit *first degree* criminal sexual conduct. The sole issue we address is whether the amendment was proper.

S.C. Code Ann. § 17-19-100 (1976) permits amendment of an indictment *provided* the nature of the offense charged is not changed. Here, the amendment increases the lesser charge of assault with intent to commit *third* degree criminal sexual conduct to the greater charge of assault with intent to commit *first* degree criminal sexual conduct. Punishment for third degree may not exceed ten years, while first degree is punishable by up to thirty years.

The amendment clearly exceeded the terms of the statute.

Appellant's third issue is dismissed pursuant to Supreme Court Rule 23; *State v. Lyle*, 125 S.C. 406, 118 S.E. 803 (1923), and his first degree burglary conviction is affirmed.

Accordingly, the judgment above is affirmed in part; reversed in part; and remanded.

GREGORY, C. J., and HARWELL, FINNEY and TOAL, JJ., concur.