23952

The STATE, Appellant v. Lee A. MYERS, a/k/a/ Pat Blakley, a/k/a/ Pat Braley, Respondent.

(438 S.E. (2d) 236)

Supreme Court

*Sol. David P. Schwacke* and *Asst. Sol. Amie L. Clifford,* North Charleston, *for appellant.*

*Asst. Appellate Defender Robert M. Dudek,* of *S.C. Office of Appellate Defense,* Columbia, and *Stacey Slotchiver,* Charleston, *for respondent.*

Heard Sept. 21, 1993.

Decided Nov. 8, 1993.

MOORE, Justice:

The State appeals the trial court's granting of respondent Lee Myers's motion to amend the indictment. We reverse and remand.

## FACTS

Myers began working as a crew member on the boat, "Wandering Star," for Ken Beachum in December 1991. On December 3rd or 4th, the boat burned. Myers was indicted for second-degree arson under S.C. Code Ann. § 16-11-110(B) (1985) and larceny. Myers moved to quash the arson indictment on the ground the boat was not a "dwelling house" within the meaning of the statute or in the alternative to amend the indictment to charge the offense of arson of personal property under S.C. Code Ann. § 16-11-140 (1985). The trial judge denied Myers's motion to quash the indictment but granted Myers's alternative motion.

## ISSUES

1) Did the trial court err in holding § 16-11-110(B) did not apply?

2) Did the trial court err in granting Myers's motion to amend the indictment?

## DISCUSSION

1) Application of § 16-11-110(B)

Myers was indicted under § 16-11-110(B) which provides:

Any person who (a) wilfully and maliciously causes an ex-

plosion, sets fire to, or burns, or causes to be burned or (b) aids, counsels or procures the burning of any *dwelling house* or any kitchen, shop, barn, stable, or other outhouse that is parcel thereof or belonging to or adjoining thereto, whether the property of himself or of another, shall be deemed guilty of arson in the second degree and upon conviction thereof be imprisoned for not less than two nor more than twenty years.

(Emphasis added.) "Dwelling house" is defined in S.C. Code Ann. § 16-11-10 (1985) for the crimes of burglary and arson as "any house, outhouse, apartment, *building*, erection, shed or box in which sleeps a proprietor, tenant, watchman, clerk, laborer or person who lodges there with a view to the protection of property. . . ." (emphasis added). Myers contends the "Wandering Star" was not a "dwelling house."

Words in statutes must be given their plain and ordinary meaning. *Smith v. Eagle Constr. Co.*, 282 S.C. 140, 318 S.E. (2d) 8 (1984). A "building" is a "structure designed for habitation, shelter, storage. . . ." BLACK'S LAW DICTIONARY 194 (6th ed. 1990). This Court has treated a mobile home as a "dwelling house." *State v. Glenn*, 297 S.C. 29, 374 S.E. (2d) 671 (1988). We are aware the statute must be strictly construed against the State, but even so we think by including "building" the definition of "dwelling house" is broad enough to include a boat in which a person lodges.

2) Amendment of indictment

The trial court amended the indictment to charge Myers with arson under S.C. Code Ann. § 16-11-140 (1985). Amendments to an indictment are permissible if they do not change the nature of the offense; the charge is a lesser included offense of the crime charged on the indictment; or the defendant waives presentment to the grand jury and pleads guilty. S.C. Code Ann. § 17-19-100 (1985); *State v. Murdock*, — S.C. —, 417 S.E. (2d) 543 (1992); *State v. Riddle*, 301 S.C. 211, 391 S.E. (2d) 253 (1990).

Myers did not plead guilty and the crime of burning the type of personal property set forth under § 16-11-140 is not a lesser included offense of arson under § 16-11-110(B). The two statutes distinguish between two different types of property and therefore the nature of the offense is

different. Therefore, we find the trial court erred in amending the indictment.

Reversed and remanded.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.