24361

Donnie Lee BROWNING, Petitioner v.
STATE of South Carolina, Respondent.
(465 S.E. (2d) 358)

Supreme Court

*Lisa T. Gregory, Assistant Appellate Defender,* of *South Carolina Office of Appellate Defense,* Columbia, *for Petitioner.*

*Charles M. Condon, Attorney General; John W. McIntosh, Deputy Attorney General; Teresa Nesbitt Cosby, Assistant Deputy Attorney General;* and *David K. Avant, Assistant Attorney General,* Columbia, *for Respondent.*

Submitted Oct. 19, 1995.

Decided Dec. 11, 1995.

BURNETT, Justice:

On December 4, 1992, Petitioner Donnie Lee Browning pled guilty to seven counts of burglary second degree, one count of burglary third degree, four counts of grand larceny, two counts of petit larceny, and one count of malicious injury to personal property. He was sentenced to concurrent terms of fifteen years for each of the second-degree burglaries, ten years for each count of grand larceny, five years for burglary third degree, five years for malicious injury to personal property, and thirty days for petit larceny. All sentences were to run concurrently. No direct appeal was taken.

Browning has filed a petition for a writ of certiorari from the denial, after a hearing, of his application for postconviction relief, alleging that the circuit court lacked subject matter jurisdiction to accept his plea to second-degree burglary because the indictments did not specify any of the aggravating circumstances which would distinguish it from third-degree burglary. We agree and vacate Browning's plea to and sentence for second-degree burglary.

At the time of the indictments in question, second-degree burglary was defined as the entering of a building without consent and with the intent to commit a crime therein, *and* either:

(1) When, in effecting entry or while in the building or in the immediate flight therefrom, he or another participant in the crime:
(a) Is armed with a deadly weapon or explosive; or
(b) Causes physical injury to any person who is not a participant in the crime; or
(c) Uses or threatens the use of a dangerous instrument; or
(d) Displays what is or what appears to be a knife, pistol, revolver, rifle, shotgun, machine gun, or other firearm; or
(2) The burglary is committed by a person with a prior record of two or more convictions for burglary or housebreaking or a combination of both; or
(3) The entering or remaining occurs in the nighttime.

S.C. Code Ann. § 16-11-312(B) (Supp. 1993). Moreover, third-degree burglary was defined as the entering of a building without consent and with the intent to commit a crime therein. S.C. Code Ann. § 16-11-313(A) (Supp. 1993).

Issues related to subject matter jurisdiction may be raised at any time. *State v. Funderburk*, 259 S.C. 256, 191 S.E. (2d) 520 (1972). Except for certain minor offenses, the circuit court does not have subject matter jurisdiction to accept a guilty plea unless there is an indictment which sufficiently states an offense, the defendant has waived presentment, or the charge is a lesser included offense of the crime charged in the indictment. *See Hopkins v. State*, 317 S.C. 7, 451 S.E. (2d) 389 (1994); *Slack v. State*, 311 S.C. 415, 429 S.E. (2d) 801 (1993); *Williams v. State*, 306 S.C. 89, 410 S.E. (2d) 563 (1991). An indictment is sufficient if the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, and the defendant to know what he is called upon to answer and whether he may plead an acquittal or conviction thereon. *State v. Owens*, 293 S.C. 161, 359 S.E. (2d) 275 (1987); S.C. Code Ann. § 17-19-20 (1985). The true test of the sufficiency of an indictment is not whether it could be made more definite and certain, but whether it contains the necessary elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet. *State v. Munn*, 292 S.C. 497, 357 S.E. (2d) 461 (1987).

In this case, the body of the seven indictments in question failed to contain the necessary elements of *second*-degree burglary. Instead, the indictments alleged only the elements required to establish *third*-degree burglary. Because no circumstances of aggravation were stated, the indictments were insufficient, and the circuit court lacked jurisdiction to accept petitioner's guilty plea to second-degree burglary. Accordingly, we vacate Browning's plea to and sentence for second degree burglary.[1]

Vacated in part.

FINNEY, C.J., and TOAL, MOORE and WALLER, JJ., concur.

---

[1] Nothing in this Opinion prohibits the State from proceeding on the current indictments or from seeking indictments for a greater offense supported by the evidence. *See Montana v. Hall*, 481 U.S. 400, 107 S.Ct. 1825, 95 L.Ed. (2d) 354 (1987); *State v. Munn*, 292 S.C. 497, 357 S.E. (2d) 461 (1987).