525 S.E.2d 906

The STATE, Respondent,

v.

Alfred TIMMONS, Appellant.

No. 3093.

Court of Appeals of South Carolina.

Heard Nov. 3, 1999.

Decided Dec. 20, 1999.

Rehearing Denied Feb. 26, 2000.

Assistant Appellate Defender Tara S. Taggart, of SC Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh and Assistant Deputy Attorney General Salley W. Elliott, all of Columbia; and Solicitor Dudley Saleeby, Jr., of Florence, for respondent.

HUFF, Judge:

Alfred Timmons appeals his conviction for possession of cocaine. We affirm.

## FACTUAL/PROCEDURAL HISTORY

Timmons was stopped for shoplifting telephones at a K-Mart in Florence County. Security personnel detained him in the back of the store and called the police. A police officer found a brown paper bag in Timmons' possession containing .02 grams of crack cocaine.

The Florence County Grand Jury indicted Timmons on charges of shoplifting and possession of crack cocaine. Because such a small amount of crack cocaine was involved, the solicitor's office agreed to allow Timmons to plead guilty to possession of cocaine. Timmons subsequently pled guilty to one count of shoplifting, fifteenth offense, and one count of possession of cocaine. The court sentenced him to eight years imprisonment for shoplifting, with credit for time served, and a concurrent two year term for possession of cocaine. The court also ordered Timmons to participate in a drug treatment program while in prison.

## DISCUSSION

█ Timmons appeals arguing the trial court lacked subject matter jurisdiction to accept his guilty plea for possession of cocaine because the indictment charged him with possession of crack cocaine. We disagree.

█ Issues concerning subject matter jurisdiction may be raised at any time. *Browning v. State*, 320 S.C. 366, 465 S.E.2d 358 (1995). With the exception of certain minor offenses, the circuit court lacks subject matter jurisdiction to accept a defendant's guilty plea to an offense unless (1) there is an indictment which sufficiently states the offense to which he pleads, (2) the defendant has waived presentment of an indictment, or (3) the defendant pleads to a lesser included offense of the crime charged in the indictment. *Id.* "An indictment is sufficient if the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, and the defendant to know what he is called upon to answer and whether he may plead an acquittal or conviction thereon." *Id.* at 368, 465 S.E.2d at 359.

Timmons did not waive presentment of an indictment for possession of cocaine. Thus, we must determine whether the indictment true billed against him was sufficient to charge him with possession of cocaine or whether possession of cocaine is a lesser included offense of the offense actually charged.

In addition to the shoplifting allegation, the indictment against Timmons charged him as follows:

### COUNT TWO—POSSESSION OF CRACK COCAINE

That ALFRED TIMMONS did in Florence County on or about July 28, 1997, knowingly and intentionally possess a quantity of crack cocaine, a controlled substance under the provisions of Act No. 445, Acts of 1971, General Assembly of South Carolina, as amended (Sections 44–53–370 and 44–53–375) (sic), *et. seq.*, 1976 Code of Laws of South Carolina, as amended), such possession not having been authorized by law.

Timmons argues the trial court lacked subject matter jurisdiction to accept his plea to possession of cocaine. He argues powder cocaine must be processed through at least two steps

before it can be made into crack cocaine and they are different forms of the drug and different substances. He thus contends possession of cocaine is not a lesser included offense of possession of crack cocaine.

We find our Supreme Court's decision in *Carter v. State,* 329 S.C. 355, 495 S.E.2d 773 (1998) to be dispositive of the issue. In *Carter,* the defendant was arrested for manufacturing crank. He waived presentment of an indictment charging him with violation of § 44–53–370 (manufacturing methamphetamine). He pled guilty to manufacturing methamphetamine and was sentenced to twenty-five years on the charge. Section 44–53–370 provided for a ten year sentence for second offense manufacturing of a Schedule II drug, which includes methamphetamine. Section 44–53–375, as it read at the time of Carter's offense, provided a person who violated § 44–53–370 by manufacturing "crank" (methamphetamine) shall be sentenced to twenty-five to thirty years imprisonment. The Court held:

> Once a defendant is convicted under § 44–53–370, the sentencing guidelines for this conviction involving the Schedule II drug methamphetamine (crank) is set forth in § 44–53–375.... [C]onviction under § 44–53–370 for manufacturing crank would require respondent to be sentenced under the stricter penalties of § 44–53–375.

*Id.* at 361, 495 S.E.2d at 776.

In looking at whether the guilty plea judge had subject matter jurisdiction to sentence Carter under § 44–53–375 since he only waived presentment of an indictment citing § 44–53–370, the court found the indictment was sufficient. It then stated:

> Section 44–53–375 provides a violation of § 44–53–370 that involves methamphetamine (crank) carries a greater sentence than the sentence provided for in § 44–53–370 for other Schedule II drugs. Therefore, § 44–53–375 does not define a separate crime but only an enhanced punishment. Further, the elements are exactly the same for an offense under both sections.

*Id.* at 363, 495 S.E.2d at 777.

Likewise, S.C.Code Ann. § 44–53–375 (1998) as it relates to the possession of crack cocaine does not define a separate

crime from possession of cocaine under S.C.Code Ann. § 44–53–370(1998), but only an enhanced punishment, and the elements are exactly the same under both sections. Further, our Supreme Court has implicitly recognized that possession of cocaine is a lesser included offense of possession of crack cocaine. *See State v. Jackson*, 297 S.C. 523, 377 S.E.2d 570 (1989) (wherein the court affirmed conviction for possession of cocaine after direction of verdict on possession of crack cocaine where trial judge instructed jury evidence was insufficient to prove substance was crack cocaine, but evidence was sufficient to support charge of possession of cocaine as a lesser included offense). Thus, we find possession of cocaine is a lesser included offense of possession of crack cocaine and the trial court had subject matter jurisdiction to accept Timmons' guilty plea to possession of cocaine.

**AFFIRMED.**

CURETON and HOWARD, JJ., concur.