572 S.E.2d 309

The STATE, Respondent,

v.

Brent P. GUTHRIE, Appellant.

No. 3560.

Court of Appeals of South Carolina.

Heard Sept. 11, 2002.
Decided Oct. 28, 2002.

Deputy Chief Attorney Joseph L. Savitz, III, of South Carolina Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor Druanne D. White, of Anderson, for respondent.

ANDERSON, J.:

Brent P. Guthrie was convicted of first degree burglary. On appeal, he contends the trial court lacked subject matter jurisdiction because the State improperly amended his indictment at trial. We reverse.

## FACTS/PROCEDURAL BACKGROUND

Guthrie, Mark Velt, and Jerry Lambert broke into Ed Tannery's fishing cabin during the evening sometime between January 13 and January 15, 1999. The three men removed beer, a tackle box, fishing rods, and several other items from the cabin. They filled their truck with these items, deposited them in Velt's hotel room, and returned to the cabin a second time to extricate more items. All three men were charged with the crime.

Guthrie was indicted for first degree burglary based on the aggravating factor of unlawfully entering the dwelling during the nighttime hours. At the beginning of Guthrie's trial, the State moved to amend the indictment to include as an additional aggravating factor Guthrie's conviction of two or more prior burglaries. Guthrie objected to the amendment and argued the presentation of his six prior burglaries would be prejudicial to his defense. The Circuit Court found Guthrie would not suffer any prejudice and allowed the amendment. Although the Circuit Court granted the amendment, it does not appear from the record that the actual indictment was altered to include the additional aggravating factor.

The State later submitted evidence of Guthrie's six prior burglary convictions. The Circuit Court instructed the jury that they were not to consider the prior convictions as proof of guilt in the present case, but that it was evidence that would satisfy an element of first degree burglary.

Velt testified at trial regarding Guthrie's participation in the burglary. The jury found Guthrie guilty of first degree burglary. The foreman signed the verdict form on the back of the original indictment, which charged the element of entering in the nighttime.

## LAW/ANALYSIS

Guthrie maintains the Circuit Court lacked subject matter jurisdiction because the amendment to the indictment added an additional element of aggravation that was not presented to the grand jury. We agree.

## I. Subject Matter Jurisdiction

■ The jurisdiction of a court over the subject matter of a proceeding is fundamental. *Brown v. State*, 343 S.C. 342, 540 S.E.2d 846 (2001). The Circuit Court does not have subject matter jurisdiction to convict a defendant of an offense unless: (1) there has been an indictment which sufficiently states the offense; (2) the defendant has waived presentment of the indictment; or (3) the offense is a lesser included offense of the crime charged in the indictment. *State v. Primus*, 349 S.C. 576, 564 S.E.2d 103 (2002); *State v. Timmons*, 349 S.C. 389, 563 S.E.2d 657 (2002); *State v. Lynch*, 344 S.C. 635, 545 S.E.2d 511 (2001).

■ The lack of subject matter jurisdiction can be raised at any time, can be raised for the first time on appeal, and can be raised *sua sponte* by the court. *State v. Brown*, 351 S.C. 522, 570 S.E.2d 559 (2002); *see also State v. Ervin*, 333 S.C. 351, 510 S.E.2d 220 (Ct.App.1998) (holding issues related to subject matter jurisdiction may be raised at any time). Furthermore, lack of subject matter jurisdiction may not be waived, even by consent of the parties, and should be taken notice of by this Court. *Brown*, 343 S.C. at 346, 540 S.E.2d at 848. The acts of a court with respect to a matter as to which it has no jurisdiction are void. *Id.* at 346, 540 S.E.2d at 849; *State v. Funderburk*, 259 S.C. 256, 191 S.E.2d 520 (1972).

## II. Sufficiency of the Indictment

■ In South Carolina, an indictment "shall be deemed and judged sufficient and good in law which, in addition to allegations as to time and place, as required by law, charges the crime substantially in the language of the common law or of the statute prohibiting the crime or so plainly that the nature of the offense charged may be easily understood and, if the offense be a statutory offense, that the offense be alleged to be contrary to the statute in such case made and provided." S.C.Code Ann. § 17–19–20 (1985). Thus, an indictment passes legal muster if it charges the crime substantially in the language of the statute prohibiting the crime or so plainly that the nature of the offense charged may be easily understood. *State v. Reddick*, 348 S.C. 631, 560 S.E.2d 441 (Ct.App.2002).

 The indictment must state the offense with sufficient certainty and particularity to enable the court to know what judgment to pronounce, and the defendant to know what he is called upon to answer, and whether he may plead an acquittal or conviction thereon. *Browning v. State*, 320 S.C. 366, 465 S.E.2d 358 (1995); *State v. Hamilton*, 344 S.C. 344, 543 S.E.2d 586 (Ct.App.2001); *State v. Ervin*, 333 S.C. 351, 510 S.E.2d 220 (Ct.App.1998). The true test of the sufficiency of an indictment is not whether it could be made more definite and certain, but whether it contains the necessary elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet. *Browning*, 320 S.C. at 368, 465 S.E.2d at 359; *Reddick*, 348 S.C. at 635, 560 S.E.2d at 443. An indictment phrased substantially in the language of the statute which creates and defines the offense is ordinarily sufficient. *State v. Shoemaker*, 276 S.C. 86, 275 S.E.2d 878 (1981).

 An indictment is sufficient to convey jurisdiction if it apprises the defendant of the elements of the offense intended to be charged and informs the defendant of the circumstances he must be prepared to defend. *Locke v. State*, 341 S.C. 54, 533 S.E.2d 324 (2000); *Carter v. State*, 329 S.C. 355, 495 S.E.2d 773 (1998); *Hamilton*, 344 S.C. at 364, 543 S.E.2d at 597. Generally, an indictment is required to perform two functions: (1) it should inform the accused of the charge against him by listing the elements of the offense charged; and (2) it should be sufficiently specific to protect the accused against double jeopardy. *State v. Bullard*, 348 S.C. 611, 560 S.E.2d 436 (Ct.App.2002).

South Carolina courts have held that the sufficiency of an indictment must be viewed with a practical eye. *State v. Adams*, 277 S.C. 115, 283 S.E.2d 582 (1981), *overruled on other grounds by State v. Torrence*, 305 S.C. 45, 406 S.E.2d 315 (1991). All the surrounding circumstances must be weighed before an accurate determination of whether a defendant was or was not prejudiced can be reached. *Id.*

## III. Amendment of Indictment

South Carolina Code Ann. section 17–19–100 (1985), states in pertinent part:

If (a) there be any defect in form in any indictments or (b) on the trial of any case there shall appear to be any variance between the allegations of the indictment and the evidence offered in proof thereof, the court before which the trial shall be had may amend the indictment (according to the proof, if the amendment be because of a variance) if such amendment does not change the nature of the offense charged.

An indictment may be amended provided such amendment does not change the nature of the offense charged. *State v. Lynch*, 344 S.C. 635, 545 S.E.2d 511 (2001); *see also Granger v. State*, 333 S.C. 2, 507 S.E.2d 322 (1998) (finding that, under § 17–19–100, an indictment may be amended at trial only if amendment does not change nature of offense charged). For example, an amendment which changes an offense to one with increased punishment deprives the Circuit Court of subject matter jurisdiction. *Lynch*, 344 S.C. at 639, 545 S.E.2d at 513; *Hopkins v. State*, 317 S.C. 7, 451 S.E.2d 389 (1994); *State v. Riddle*, 301 S.C. 211, 391 S.E.2d 253 (1990). However, an amendment may deprive the Circuit Court of jurisdiction even if it does not change the penalty. *See Lynch*, 344 S.C. at 639, 545 S.E.2d at 514; *Weinhauer v. State*, 334 S.C. 327, 513 S.E.2d 840 (1999).

Amendments to an indictment are permissible if: 1) they do not change the nature of the offense; 2) the charge is a lesser included offense of the crime charged on the indictment; or 3) the defendant waives presentment to the grand jury and pleads guilty. *State v. Myers*, 313 S.C. 391, 438 S.E.2d 236 (1993).

## IV. Efficacy of Amendment

Guthrie asserts the trial court erred in allowing the State to amend his indictment at trial by adding the additional aggravating factor and, therefore, the court lacked subject matter jurisdiction over his case. We agree.

South Carolina Code Ann. section 16–11–311(A) (Supp.2001) provides:

(A) A person is guilty of burglary in the first degree if the person enters a dwelling without consent and with intent to commit a crime in the dwelling, and either:

(1) when, in effecting entry or while in the dwelling or in immediate flight, he or another participant in the crime:

(a) is armed with a deadly weapon or explosive; or

(b) causes physical injury to a person who is not a participant in the crime; or

(c) uses or threatens the use of a dangerous instrument; or

(d) displays what is or appears to be a knife, pistol, revolver, rifle, shotgun, machine gun, or other firearm; or

(2) the burglary is committed by a person with a prior record of two or more convictions for burglary or housebreaking or a combination of both; or

(3) the entering or remaining occurs in the nighttime.

The relevant aggravating factors in the present case involve: "(2) the burglary is committed by a person with a prior record of two or more convictions for burglary or housebreaking or a combination of both; or (3) the entering or remaining occurs in the nighttime." *Id.*

The case of *State v. Lynch.* 344 S.C. 635, 545 S.E.2d 511 (2001), is particularly instructive. In *Lynch,* the defendant was indicted for first degree burglary, with the aggravating factor being that the burglary occurred in the nighttime. At the outset of trial, the State moved to amend the indictment to strike out the words "in the hours during darkness" and to replace that phrase with "caused physical injury." The trial court allowed the amendment.

On appeal, the defendant argued that an aggravating circumstance is a required element of first degree burglary, and the aggravating circumstance upon which his burglary conviction was based had never been presented to the grand jury. Therefore, he claimed, the amendment to the indictment deprived the trial court of subject matter jurisdiction over the burglary charge. The Supreme Court agreed and held:

The offense of first degree burglary, as defined by section 16–11–311, occurs when a person enters a dwelling without consent, with intent to commit a crime in the dwelling, and an aggravating circumstance is present. Without an aggravating circumstance, the crime committed would be second

degree burglary. *See* S.C.Code Ann. § 16–11–312(A). Thus, although it is only one element of the crime, the aggravating circumstance is "the essence" of first degree burglary. [*State v.] Sowell,* 85 S.C. at 284, 67 S.E. at 318. Moreover, these aggravating circumstances are quite distinct from one another, and thus, the proof required for each aggravating circumstance is materially different from one another. *Compare* S.C.Code Ann. § 16–11–311(A)(1), (2) & (3).

We find that by changing the aggravating circumstance from entering during the darkness to causing physical injury, the amendment to the indictment "substituted an entirely different [offense] for the one charged." *Sowell,* 85 S.C. at 284, 67 S.E. at 318. The amendment was a material change which modified what the defendant was "called upon to answer." *Browning [v. State],* 320 S.C. at 368, 465 S.E.2d at 359. Accordingly, the amendment deprived the circuit court of subject matter jurisdiction over the burglary charge.

The State argues that the amendment was properly permitted because it came as no "surprise" to appellant. The trial court utilized a similar "prejudice" analysis when it allowed the amendment. However, in testing the sufficiency of an indictment and the propriety of amending an indictment, it is improper to look to other indictments, even if those indictments relate to the same course of conduct. A subject matter jurisdiction analysis is performed on individual charges, not the charges in the aggregate. The appropriate analysis is whether the amendment to the indictment changed the nature of the offense charged, not whether the amendment in any way surprised or prejudiced appellant. *See* § 17–19–100. We hold the amendment here violated section 17–19–100.

*Lynch,* 344 S.C. at 640–41, 545 S.E.2d at 514 (footnote omitted).

Similarly, the amendment in the instant case changed the nature of the offense charged. The two aggravating circumstances in the case *sub judice* are distinct from one another, and thus, the proof required for each aggravating circumstance is materially different from the other. The amendment was a material change which modified what Guthrie was called

upon to answer. It was impossible for Guthrie to prepare a defense to the additional factor regarding two or more prior convictions where the aggravating circumstance was not added until trial. We rule the amendment deprived the Circuit Court of subject matter jurisdiction over the first degree burglary charge.

The dissent articulates an amendment rule with no boundaries or parameters. The rule set forth in the dissenting opinion allows for "amendment ambush" on the eve of trial. Moreover, under the rule advanced by the dissent, a multifaceted criminal charge containing alternative grounds for aggravation is thrust upon a defendant at trial with an indictment containing only one of the alternatives. The implementation of such an amendment procedure would create evidentiary conundrums of gargantuan proportion to a defendant as the trial commences.

## CONCLUSION

The Circuit Court erred in granting the State's motion to amend the indictment at trial to include as an additional aggravating factor Guthrie's conviction of two or more prior burglaries. Accordingly, the Circuit Court's decision to grant the amendment to the indictment is

**REVERSED.**

CONNOR, J., concurs.

STILWELL, J., dissents in a separate opinion.

STILWELL, J. (dissenting):

Because I believe the trial court retained subject matter jurisdiction following the amendment of Guthrie's burglary indictment, I respectfully dissent.

In *Lynch*, our supreme court held that by "changing the aggravating circumstance from entering during the darkness to causing physical injury, the amendment to the indictment 'substituted an entirely different [offense] for the one charged.'" *State v. Lynch*, 344 S.C. 635, 640–41, 545 S.E.2d 511, 514 (2001) (quoting *State v. Sowell*, 85 S.C. 278, 284, 67 S.E. 316, 318 (1910)) (alteration in original). Thus the court

held the substitution of one aggravating factor for another divested the trial court of subject matter jurisdiction. Unlike *Lynch,* the amendment here did not *substitute* one aggravating circumstance for another; it added an additional one.

Subject matter jurisdiction is the power of a court to "hear and determine cases of the general class to which the proceedings in question belong." *Brown v. Evatt,* 322 S.C. 189, 193, 470 S.E.2d 848, 850 (1996); *Dove v. Gold Kist, Inc.,* 314 S.C. 235, 237–38, 442 S.E.2d 598, 600 (1994). While the amendment may have offended the law in some other particular, the only issue before us is subject matter jurisdiction. *See* Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal."). In my view, because the aggravating circumstance passed upon by the grand jury remained in the indictment, the trial court retained subject matter jurisdiction and the addition of another aggravating factor did not divest the trial court of that jurisdiction. *Cf. State v. White,* 338 S.C. 56, 525 S.E.2d 261 (Ct.App.1999).