THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
John Brinson, Appellant.
 
 
 

Appeal From Beaufort County
 Perry M. Buckner, Circuit Court Judge

Unpublished Opinion No. 2004-UP-346
Heard February 11, 2004  Filed May 
 25, 2004

AFFIRMED IN PART AND VACATED IN PART

 
 
 
Alysoun Meree Eversole, of Beaufort, for Appellant.
Attorney General Henry Dargan 
 McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney 
 General Charles H. Richardson, Sr., Assistant Attorney General Norman Mark Rapoport, 
 all of Columbia;  and Solicitor Randolph Murdaugh, III, of Hampton, for Respondent.
 
 
 

CURETON, A.J.:  John 
 Brinson appeals his convictions for first-degree criminal sexual conduct (CSC), 
 first-degree burglary, and kidnapping.  He asserts the circuit court erred in 
 denying his motion for a mistrial.  He further contends the court lacked subject 
 matter jurisdiction because the State improperly amended the indictments for 
 first-degree burglary and first-degree CSC. [1]   We affirm in part and vacate 
 in part.
FACTS
On December 2, 1999, the victim went 
 to bed around midnight only to be awoken sometime later by someone jumping on 
 her bed and on top of her.  Despite her attempts to fight him off, the assailant 
 pinned her to the bed, choked her, threatened to kill her, and forced her to 
 perform and receive oral sex.  This assault lasted several hours.  At some point, 
 the assailant took a brief break to drink a beer from the victims refrigerator.  
 He also attempted to force her to drink a beer.  After this pause, the assault 
 continued in much the same manner as it had before.  As sunrise approached, 
 the assailant threatened to kill the victim if she told anything to the police 
 about what had happened and left. Soon thereafter, the victim phoned 9-1-1 and 
 the police were dispatched to her home.  
Throughout this prolonged assault, the house was 
 very dark and the victims eyes were covered with blankets and pillows.  At 
 no time did she get a good look at the perpetrator, but offered the police a 
 very limited physical description.  She informed police that the assailant had 
 a terrible speech impediment.  The victim had a few minor injuries and was taken 
 to a local hospital, where a rape kit was performed. 
Fingerprints were lifted from the two beer bottles 
 and the headboard of the victims bed.  According to an investigating police 
 officer, a suspect had been determined from the victims description and a fingerprint 
 match was quickly made with a fingerprint card of the suspect available in the 
 sex offender registry.  Brinson was subsequently arrested and indicted for first-degree 
 burglary, first-degree CSC, and kidnapping. 
At the outset of trial, the State moved to amend 
 the indictments for first-degree burglary and first-degree CSC.  The State requested 
 that the word intercourse be struck from the first-degree CSC indictment and 
 the words and the victim was the victim of kidnapping or burglary be added.  
 The State also requested that the words or another participant in the crime 
 was armed with a deadly weapon or explosive in the first-degree burglary indictment 
 be replaced with, entered or remained in the nighttime.  The court allowed 
 these handwritten amendments after Brinsons attorney stated that he had no 
 objections to the changes. 
The State presented a great deal of 
 evidence at trial incriminating Brinson.  The jury heard testimony concerning 
 Brinsons speech impediment, the palm and fingerprint matches, and a DNA sample 
 taken from saliva found in the victims underwear that matched the DNA of Brinson. 
  
An investigating officer testified to the initial 
 evidence that led to the arrest of Brinson as follows: 

[ASSISTANT SOLICITOR:] What did you do with the hinge lift 
 after you - - after you did that?
[OFFICER:] I kept it in my possession. A suspect had been 
 developed through description.  I examined a fingerprint card that was in the 
 sexual offender registry of that certain suspect.

Brinsons counsel promptly moved for 
 a mistrial based on the reference to the sex offender registry and the possible 
 inference of a prior record.  Counsel further contended the error could not 
 be cured with an instruction to the jury.  After a stern warning to the solicitor 
 not to introduce any other references to any prior record of Brinson, the court 
 denied the motion.  Brinson renewed his motion for a mistrial at the close of 
 the States case.  Again denying the motion, the court stated:

[M]y recollection of the testimony was that the detective 
 said he went to check the sex offender registry.  He never testified that the 
 defendant was on the sex offender registry and . . . I felt it was proper for 
 a law enforcement officer, where a sex crime had occurred, to check the sex 
 offender registry.  I did not feel that any prejudice from that testimony had 
 occurred to the defendant, tying the defendants prior record to that testimony, 
 although I felt it was dangerous ground and warned the witness to be careful 
 as to his testimony . . .

The jury convicted Brinson of all three 
 charges.  Due to his prior record, the court sentenced Brinson under section 
 17-25-45 to three concurrent terms of life imprisonment without the possibility 
 of parole.  S.C. Code Ann. § 17-25-45 (2003 & Supp. 2003) (outlining South 
 Carolinas two/three strikes law).  Brinson appeals. 
DISCUSSION
I.          DENIAL OF MOTION FOR 
 MISTRIAL
Brinson argues the circuit court erred 
 in denying his motion for a mistrial.  He contends the officers testimony concerning 
 the fingerprint match obtained from the sex offender registry card of that 
 certain suspect was prejudicial to the degree of tainting the trial on all 
 charges. [2]   We disagree.
The decision to grant or deny a mistrial 
 is within the sound discretion of the trial judge; hence, we must only determine 
 if this discretion was abused.  State v. Harris, 340 S.C. 59, 63, 530 
 S.E.2d 626, 627-28 (2000); State v. Dawkins, 297 S.C. 386, 392, 377 S.E.2d 
 298, 301 (1989).  The grant of a mistrial is an extreme measure that should 
 only be used when absolutely necessary.  Harris, 340 S.C. at 63, 530 
 S.E.2d at 628; State v. Council, 335 S.C. 1, 13, 515 S.E.2d 508, 514 
 (1999), cert. denied, 528 U.S. 1050 (1999); State v. Beckham, 
 334 S.C. 302, 310, 513 S.E.2d 606, 610 (1999).  In order to receive a mistrial, 
 a defendant must show error and prejudice. Harris, 340 S.C. at 63, 530 
 S.E.2d at 628.
Here, the officers testimony strongly 
 implies prior crimes committed by Brinson.  Evidence of a persons character 
 or trait of character is not admissible for the purpose of proving action in 
 conformity therewith unless offered as rebuttal evidence.  See Rule 404(a), 
 SCRE (Generally, [e]vidence of a persons character or a trait of character 
 is not admissible for the purpose of proving action in conformity therewith 
 on a particular occasion.).  Furthermore, evidence of other crimes, wrongs, 
 or acts is not admissible to prove the character of a person in order to show 
 that the charged crime is in conformity with past behavior.  See Rule 
 404(b), SCRE (Evidence of other crimes, wrongs, or acts is not admissible to 
 prove the character of a person in order to show action in conformity therewith.  
 It may, however, be admissible to show motive, identity, the existence of a 
 common scheme or plan, the absence of mistake or accident, or intent.).  Based 
 on these rules, our appellate courts have held that the admittance of evidence 
 merely implying the existence of prior crimes is error.  See State 
 v. Tate, 288 S.C. 104, 105, 341 S.E.2d 380, 381 (1986) (holding admission 
 of photographic lineup which included a mug shot of defendant constituted 
 reversible error).  
Brinson contends the officers testimony concerning 
 his fingerprint file in the sex offenders registry so strongly implied a prior 
 criminal record that a mistrial should have been granted.  We agree with Brinson 
 that the admittance of the officers testimony without a curative instruction 
 to the jury in this case was legal error.  We find, however, that this error 
 was harmless.
No definite rule of law governs the 
 finding that an error was harmless; rather the materiality and prejudicial character 
 of the error must be determined from its relationship to the entire case.  State 
 v. Reeves, 301 S.C. 191, 193-94, 391 S.E.2d 241, 243 (1990).  The decision 
 whether or not to grant a mistrial for testimony that merely implies the existence 
 of prior crimes often hinges on the degree of that implication.  Compare 
 Council, 335 S.C. at 13, 515 S.E.2d at 514 (holding that a reference 
 to a fingerprint card on file at the South Carolina Law Enforcement Division 
 was too vague to constitute prejudice); State v. George, 323 S.C. 496, 
 511, 476 S.E.2d 903, 912 (1996), cert. denied, 520 U.S. 1123 (1997) (finding 
 testimony of prior drug dealing to be merely suggestive and not prejudicial); 
 State v. Thompson, 352 S.C. 552, 561, 575 S.E.2d 77, 82 (Ct. App. 2003) 
 (finding an isolated reference to arrest warrants too vague to constitute reversible 
 error); with Tate, 288 S.C. at 105, 341 S.E.2d at 381 (finding 
 the admittance of mug shots of defendant to be a strong enough implication of 
 a prior criminal record to constitute reversible error). 
In our view, the trial court recognized that the 
 implication of the officers testimony was fairly clear and these comments dangerously 
 approached the threshold of reversible error.  We are also troubled by the similarity 
 of the referenced prior bad acts to the charge of first-degree CSC. See 
 State v. Brooks, 341 S.C. 57, 62, 533 S.E.2d 325, 328 (2000) (When the 
 prior bad acts are similar to the one for which the appellant is being tried, 
 the danger of prejudice is enhanced.).  When viewing this error from its relationship 
 to the entire case, however, we find this implication harmless.  This determination 
 is not due to the statements vagueness, but rather, in light of its probable 
 weight when compared to the strength of the States case as a whole.  
An error is harmless when it could not have reasonably 
 affected the result of the trial. State v. Mitchell, 286 S.C. 572, 573, 
 336 S.E.2d 150, 151 (1985).  In cases where the evidence of guilt presented 
 against an appellant, separate and apart from the evidence or testimony alleged 
 to have been admitted in error, constitutes overwhelming and un-contradicted 
 proof of guilt, a reviewing court may deem the error harmless if it believes 
 beyond a reasonable doubt that the error did not contribute to the verdict.  
 Chapman v. California, 386 U.S. 18 (1967); Mitchell, 286 S.C. 
 at 573, 336 S.E.2d at 151; State v. Watts, 321 S.C. 158, 165-66, 467 
 S.E.2d 272, 277 (Ct. App. 1996).
  Here, there is overwhelming evidence in the record 
 from which the jury could have found Brinson guilty, notwithstanding the implication 
 of a prior record.  Evidence was presented to the jury regarding a positive 
 DNA match between Brinson and saliva found in the victims underwear.  Positive 
 matches were made between Brinsons finger and palm prints and multiple prints 
 lifted from the victims home.  In light of these and other facts appearing 
 in the record, we believe beyond a reasonable doubt that the testimony of the 
 investigating officer concerning Brinsons sex offender registry file did not 
 contribute to the verdict. State v. Parker, 315 S.C. 230, 235, 433 S.E.2d 
 831, 833 (1993); Mitchell, 286 S.C. at 573, 336 S.E.2d at 151.  Thus, 
 we find the denial of Brinsons motion for a mistrial constituted harmless error.
II.        SUBJECT MATTER JURISDICTION
Brinson argues the circuit court erred 
 in permitting the State to amend the indictments for first-degree burglary and 
 first-degree CSC.  He asserts the amendments were improper and, thus, deprived 
 the court of subject matter jurisdiction as to those two charges.  We agree.
A circuit court has subject matter 
 jurisdiction if:  (1) there has been an indictment which sufficiently states 
 the offense; (2) there has been a waiver of indictment; or (3) the charge is 
 a lesser included charge of the crime charged in the indictment.  State 
 v. Lynch, 344 S.C. 635, 639, 545 S.E.2d 511, 513 (2001).  An indictment 
 is sufficient if it contains the necessary elements of the offense intended 
 to be charged and sufficiently apprises the defendant of what he or she must 
 be prepared to meet.  Browning v. State, 320 S.C. 366, 368, 465 S.E.2d 
 358, 359 (1995); State v. Gill, 355 S.C. 234, 238, 584 S.E.2d 432, 434 
 (Ct. App. 2003).  Amendments to an indictment are allowed and do not deprive 
 the court of subject matter jurisdiction if:  (1) they do not change the nature 
 of the offense; (2) the charge is a lesser-included offense of the crime charged 
 on the indictment; or (3) the defendant waives presentment to the grand jury 
 and pleads guilty.  State v. Myers, 313 S.C. 391, 393, 438 S.E.2d 236, 
 237 (1993); see S.C. Code Ann. § 17-19-100 (2003) (stating an amendment 
 to an indictment is permissible if the amendment does not change the nature 
 of the offense charged).  
Because issues related to subject matter jurisdiction 
 may be raised at any time, even for the first time on appeal, we must now decide 
 whether or not the amendments to both the burglary and criminal sexual conduct 
 charges changed the nature of each offense.  Browning, 320 S.C. at 368, 
 465 S.E.2d at 359 (stating issues relating to subject matter jurisdiction may 
 be raised at any time).
A. First-Degree Burglary
At the outset of trial, the State altered 
 the first-degree burglary indictment by removing the phrase armed with a deadly 
 weapon or explosive and replacing it with entered or remained in the nighttime.  
 First-degree burglary is established by proving a burglary occurred with any 
 one of several different enumerated aggravating circumstances.  S.C. Code Ann. 
 § 16-11-311 (2003). [3]   The 
 amendment in question removed one such aggravating circumstance and replaced 
 it with another.
We find the Supreme Court decision of 
 State v. Lynch, 344 S.C. 635, 545 S.E.2d 511 (2001), conclusive precedent 
 on this issue.  In Lynch, a first-degree burglary indictment was amended 
 in the same manner as the case before us.  The State moved to amend the indictment 
 for first-degree burglary, requesting the words in the hours during darkness 
 be replaced with caused physical injury.  The Court found that by changing 
 the aggravating circumstances, the amendment to the indictment substituted 
 an entirely different offense for the one charged. Id. at 640-41, 545 
 S.E.2d at 514.  The Court reasoned that the aggravating circumstance is the 
 essence of first-degree burglary. Id. at 640, 545 S.E.2d at 614.  Furthermore, 
 each aggravating circumstance is distinct from the others and requires proof 
 that is materially different.  Id.
The Supreme Court further explained that a defendant 
 charged with first-degree burglary by way of one aggravating circumstance is 
 not prepared to meet and defend the same charge brought via a different aggravating 
 circumstance.  Lynch, 344 S.C. at 641, 545 S.E.2d at 514.  The Court 
 recognized the fact that the penalty for both is the same does not mean an amendment 
 does not change the nature of the offense. Id. at 639, 545 S.E.2d at 
 514.  Based on this analysis, the Court vacated the conviction for first-degree 
 burglary, finding the amendment deprived the circuit court of subject matter 
 jurisdiction.  Id. at 639-41, 545 S.E.2d at 514.  
Here, Brinson was indicted for first-degree burglary 
 under section 16-11-311(A)(1)(a), the aggravating circumstance involving a deadly 
 weapon.  The amendment to the indictment deleted this aggravating circumstance 
 and replaced it with an entirely different offense and code section, section 
 16-11-311(3), providing the defendant entered or remained in the nighttime.  
 In light of our Supreme Courts decision in Lynch, we find the circuit 
 court was deprived of subject matter jurisdiction.  As such, Brinsons conviction 
 for first-degree burglary is vacated.  See Brown v. State, 343 
 S.C. 342, 346, 540 S.E.2d 846, 849 (2001) (stating acts of a court with respect 
 to a matter to which it has no subject matter jurisdiction are void).
B.  First-Degree Criminal Sexual 
 Conduct
The amendment of the first-degree CSC 
 charge was slightly different than that of the burglary charge.  Like first-degree 
 burglary, first-degree CSC is defined as a base charge (criminal sexual battery) 
 proven with any one or more of several aggravating circumstances. See 
 S.C. Code Ann. § 16-3-652 (2003). [4]   Prior to trial, the State amended this indictment 
 by adding the words and the victim was the victim of kidnapping and burglary 
 to the indictment. Rather than substituting one aggravating circumstance for 
 another, this amendment added another aggravating circumstance to a charge made 
 a first-degree offense by the use of aggravated force, which was alleged in 
 the indictment before and after the amendment.
For many of the same reasons set forth 
 in the burglary analysis, we hold this amendment changed the nature of the offense 
 and deprived the circuit court of subject matter jurisdiction over this charge.  
 We find that the aggravating circumstances of first-degree CSC, like first-degree 
 burglary, are the essence of that crime. Lynch, 344 S.C. at 640, 545 
 S.E.2d at 514.  Each is distinct from the others and requires proof that is 
 materially different.  
Our decision is based on Lynch and this 
 Courts recent holding in State v. Guthrie, 352 S.C. 103, 572 S.E.2d 
 309 (Ct. App. 2002).  In Guthrie, the defendant was indicted for first-degree 
 burglary based on the aggravating circumstance of unlawfully entering a dwelling 
 during the nighttime hours.  Prior to trial, the State moved to amend the indictment 
 to include as an additional aggravating factor the defendants prior convictions 
 for two or more burglaries.  Over the defendants objection, the court granted 
 the amendment.  On appeal, the defendant argued the circuit court lacked subject 
 matter jurisdiction because the amendment added an additional element of aggravation 
 that was not presented to the grand jury.  This Court held the amendment deprived 
 the circuit court of subject matter jurisdiction.  Id. at 111, 572 S.E.2d 
 at 314.  We determined the amendment changed the nature of the offense charged, 
 stating [t]he two aggravating circumstances in the case sub judice 
 are distinct from one another, and thus, the proof required for each aggravating 
 circumstance is materially different from the other.  Id.
At oral argument, the State asserted this case was 
 distinguishable from Guthrie in that the statutes for first-degree CSC 
 and first-degree burglary are decidedly different.  The State explained the 
 amendment in this case only added another method of proof and did not provide 
 for additional elements, whereas the amendment in Guthrie added another 
 offense.  Because Brinsons indictments for kidnapping and first-degree burglary 
 had been presented to the grand jury, the State argued the addition of these 
 offenses to the first-degree CSC indictment did not create a separate and entirely 
 different offense.  As such, the State claimed the amendment to first-degree 
 CSC did not divest the court of subject matter jurisdiction. [5]    
We reject the States argument on several 
 grounds.  First, this case is factually similar to Guthrie.  As in Guthrie, 
 the original indictment in this case was correct in that the base offense and 
 one aggravating circumstance were properly alleged and remained intact after 
 the amendments.  Thus, applying the holding in Guthrie, we believe the 
 amendment in the instant case divested the court of subject matter jurisdiction 
 even though the original indictment properly conferred subject matter jurisdiction. [6]    Secondly, we fail to discern 
 the distinction made between the statutes for first-degree burglary and first-degree 
 CSC.  A review of both charges indicates there is a base offense and proof of 
 each offense requires the existence of one or more aggravating circumstances.  
 Thirdly, once added to the indictment, it is possible for the jury to ignore 
 the initially charged circumstance and convict the defendant of a first-degree 
 crime based solely on the added, non-indicted aggravating circumstance.  Although 
 the amendment did not alter the general offense of first-degree CSC, it did 
 affect the nature of the charge.  In this case, the nature of the charged offense 
 was substantively changed and Brinson was not apprised of what he had to be 
 prepared to answer.  Finally, the fact that Brinson was also indicted for kidnapping 
 and burglary, and was thus not surprised by the amendment, is irrelevant.  
 As stated by our Supreme Court in Lynch: 

[I]n testing the sufficiency of an indictment and the propriety 
 of amending an indictment, it is improper to look to other indictments, even 
 if those indictments relate to the same course of conduct.  A subject matter 
 jurisdiction analysis is performed on individual charges, not the charges in 
 the aggregate.  The appropriate analysis is whether the amendment to the indictment 
 changed the nature of the offense charged, not whether the amendment in any 
 way surprised or prejudiced appellant.

Lynch, 344 S.C. at 641, 545 S.E.2d at 514; 
 see State v. Bryson, 357 S.C. 106, 114 n.6, 591 S.E.2d 637, 641 
 n.6 (Ct. App. 2003) ([A]n amendment is substantive and thus not permitted unless 
 the same defense is available to the defendant both before and after the amendment 
 and upon the same evidence. (quoting 41 Am. Jur. 2d Indictments and Informations 
 § 168 (1995))).  
By permitting the improper amendment, the circuit court 
 was divested of subject matter jurisdiction as to the charge of first-degree 
 CSC.  As such, the conviction on this charge is vacated.
CONCLUSION
For the reasons set forth above, we 
 find that Brinsons kidnapping conviction and sentence of life imprisonment 
 stand. The convictions for first-degree burglary and first-degree CSC, however, 
 are vacated. [7] Accordingly, 
 Brinsons convictions are  
AFFIRMED IN PART AND VACATED IN PART.
HUFF, J., concurs and STILWELL, J., concurs in part 
 and dissents in part in a separate opinion.
 STILWELL, J. (concurring in part and dissenting 
 in part): I concur in the majority opinion concerning the denial of a motion 
 for mistrial and the subject matter jurisdiction relating to first degree burglary.  
 However, I disagree and therefore dissent from the majoritys opinion on subject 
 matter jurisdiction on the criminal sexual conduct (CSC) charge.  The amendment 
 relating to the CSC charge did not delete from the indictment the aggravating 
 circumstance originally submitted to the grand jury, but only added an additional 
 aggravating circumstance.  As noted, this is the identical factual situation 
 presented in State v. Guthrie, 352 S.C. 103, 572 S.E.2d 309 (Ct. App. 
 2002).  I dissented in Guthrie and, in this case, adhere to the opinion 
 expressed in that dissent.

 
 
 [1]   Appellate counsel for Brinson originally filed a brief pursuant 
 to Anders v. California, 386 U.S. 738 (1967).  Brinson filed a separate 
 pro se response.  After completing our Anders review, 
 we ordered re-briefing on the mistrial issue and the two jurisdictional issues.  
 These issues are now the only remaining issues for appellate consideration.

 
 
 [2]    Although Brinson raises several grounds in support of this contention, 
 we confine our analysis to those arguments that were specifically raised during 
 trial.  See State v. Silver, 314 S.C. 483, 486, 431 S.E.2d 250, 
 251 (1993) (stating ground asserted on appeal must be supported by objection 
 raised at trial); State v. Bailey, 298 S.C. 1, 5-6, 377 S.E.2d 581, 
 584 (1989) (holding a party cannot argue one ground below then argue another 
 on appeal).

 
 [3]   First-degree burglary is properly charged pursuant 
 to section 16-11-311, which provides in part:  
 
 (A) A person is guilty of burglary in the first degree 
 if the person enters a dwelling without consent and with intent to commit 
 a crime in the dwelling, and either:
 
 (1) when, in effecting entry or while in the dwelling 
 or in immediate flight, he or another participant in the crime:
 
 (a) is armed 
 with a deadly weapon or explosive; or
 (b) causes physical injury to a person who is not a 
 participant in the crime; or
 (c) uses or threatens 
 the use of a dangerous instrument; or
 (d) displays what is or appears to be a knife, pistol, 
 revolver, rifle, shotgun, machine gun, or other firearm; or
 
 (2) the burglary is committed by a person with a prior 
 record of two or more convictions for burglary or housebreaking or a combination 
 of both; or
 (3) the entering or remaining 
 occurs in the nighttime.
 
 
 S.C. Code Ann. § 16-11-311 (2003)(emphasis added).
                 

 
 [4]   Section 16-3-652 provides in relevant part:
 
 (1) A person is guilty of 
 criminal sexual conduct in the first degree if the actor engages in sexual 
 battery with the victim and if any one or more of the following circumstances 
 are proven:
 
 (a) The actor uses aggravated force to accomplish sexual battery.
 (b) The victim submits to 
 sexual battery by the actor under circumstances where the victim is also the 
 victim of forcible confinement, kidnapping, robbery, extortion, burglary, 
 housebreaking, or any other similar offense or act.
 
 
 S.C. Code Ann. § 16-3-652 (1)(a),(b) (2003) (emphasis 
 added).
                 

 
 
 [5]   The State appeared to argue that an amendment only divests a court 
 of subject matter jurisdiction if the amendment creates an offense that is 
 separate and entirely different from the one originally indicted.  See 
 Cutner v. State, 354 S.C. 151, 155-56, 580 S.E.2d 120, 123 (2003) (reversing 
 conviction for possession with intent to distribute (PWID) marijuana within 
 proximity of a school due to improper amendment where defendant was originally 
 indicted with the offense of PWID within proximity of a church).    

 
 [6]   While we recognize a divided Court decided Guthrie, 
 we are, nevertheless, bound by the decision.  

 
 
 [7]   Of course, in the event a conviction is vacated, the defendant may 
 be retried if he is reindicted or waives presentment. See Lynch, 
 344 S.C. at 641 n.4, 545 S.E.2d at 515 n.4 (holding appellant could be retried 
 for first-degree burglary conviction that was vacated for lack of subject 
 matter jurisdiction if he was re-indicted or waived presentment).