**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(D)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

The State, Respondent,

v.

Derrick Tyler Mills, Appellant.

Appellate Case No. 2019-000926

———————

Appeal From Calhoun County
Maite Murphy, Circuit Court Judge

———————

Opinion No. 2022-UP-309
Heard April 12, 2022 – Filed July 20, 2022

———————

**AFFIRMED**

———————

Tommy Arthur Thomas, of Irmo, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Mark Reynolds Farthing, of Columbia,
and Solicitor David Michael Pascoe, Jr., of Orangeburg,
all for Respondent.

———————

**PER CURIAM:** Derrick Mills appeals his conviction for armed robbery, arguing the trial court erred as a matter of law when it conducted proceedings after declaring a mistrial because it lacked jurisdiction once the trial ended. We affirm pursuant to Rule 220(b), SCACR.

1.      We find Mills' argument that the trial court erred as a matter of law when it conducted any proceedings after declaring a mistrial because the trial court's jurisdiction over his case ended when a mistrial was declared is not supported by any authority; thus, it is abandoned. *See First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (noting when a party fails to provide arguments or supporting authority for his assertion, the party is deemed to have abandoned the issue on appeal); *State v. Lindsey*, 394 S.C. 354, 363, 714 S.E.2d 554, 558 (Ct. App. 2011) ("An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority."). While we do not think Mills raised the issue of subject matter jurisdiction, lack of subject matter jurisdiction may be raised at any time and may be raised for the first time on appeal. *See State v. Guthrie*, 352 S.C. 103, 107, 572 S.E.2d 309, 311 (Ct. App. 2002) ("The lack of subject matter jurisdiction can be raised at any time, can be raised for the first time on appeal, and can be raised *sua sponte* by the court."). Regardless, we find the trial court had subject matter jurisdiction over Mills' case. *See State v. Gentry*, 363 S.C. 93, 100, 610 S.E.2d 494, 498 (2005) ("[S]ubject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong . . . .").

2.      We find Mills' argument that the inquiry by the trial court required jurors to violate Rule 606(b) of the South Carolina Rules of Evidence, which prevents jurors from testifying about matters occurring within the jury deliberation room, is not preserved for our review because he did not make this argument to the trial court. *See State v. Freiburger*, 366 S.C. 125, 134, 620 S.E.2d 737, 741 (2005) (holding an issue is not preserved for appeal where one ground is raised below and another ground is raised on appeal).

**AFFIRMED.**

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**