### 22888

The STATE, Respondent v. Christopher RITTER, Appellant.
(370 S. E. (2d) 610)

Supreme Court

*William I. Diggs, Chief Atty.*, and *Daniel T. Stacey, Asst. Appellate Defender, Office of Appellate Defense,* Columbia, *for appellant.*

*T. Travis Medlock, Atty. Gen., Harold M. Coombs, Jr., Asst. Atty. Gen.,* Columbia, and *Joseph P. Mizzell, Jr., Sol.,* Orangeburg, *for respondent.*

Heard June 6, 1988.

Decided July 11, 1988.

HARWELL, Justice:

Appellant was convicted of assaulting, beating, or wounding a law enforcement officer while resisting lawful arrest in violation of S. C. Ann. § 16-9-320(b) (1985). He claims that § 16-9-320(a), resisting lawful arrest, is a lesser included offense which should have been charged to the jury. We agree and reverse and remand for a new trial.

Two deputies answered a domestic dispute call from the apartment where Ms. Govan, her "live-in" boyfriend (appellant), and her daughter resided. Upon entering, the deputies noticed that furniture was overturned, a lamp was broken, and the daughter's shirt was torn. Appellant was

sitting near the back door. The deputies approached and questioned appellant but got no response. The deputies informed appellant that Ms. Govan wanted him out of the apartment. Appellant refused to leave and was placed under arrest.

One deputy testified that as the other attempted to take appellant's arm and remove him from the chair, appellant "sprang" forward, grabbed the other deputy by the throat, and attempted to grab the deputy's gun. The deputy also testified that his own thumb was injured during the struggle. Appellant testified that he resisted the officers only by "jumping up" and protesting their "grabbing" and handcuffing him. Ms. Govan testified that appellant "snatched" his arm back when the officer attempted to lift him from the chair.

The trial judge instructed the jury on § 16-9-320(b). He refused appellant's timely request to charge "resisting lawful arrest" under § 16-9-320(a).

"The test for determining when a crime is a lesser included offense of the crime charged is whether the greater of the two offenses includes all the elements of the lesser offense." *State v. Suttles*, 279 S. C. 87, 88, 302 S. E. (2d) 338 (1983). To secure a conviction under § 16-9-320(b) here, the State had to prove that appellant knowingly and willfully assaulted, beat, or wounded a law enforcement officer while resisting a lawful arrest. Because § 16-9-320(b) includes all the elements of § 16-9-320(a)—knowingly and willfully resisting a lawful arrest—subsection (a) is necessarily a lesser included offense of subsection (b).

"A trial judge is required to charge the jury on a lesser-included offense if there is evidence from which the jury could infer that a defendant committed the lesser offense rather than the greater." *State v. Pressley*, 292 S. C. 9, 10, 354 S. E. (2d) 777 (1987); *State v. Drayton*, 293 S. C. 417, 361 S. E. (2d) 329 (1987). The testimony of appellant and Ms. Govan, if believed, was evidence from which the jury could have inferred that appellant was guilty only of the lesser included offense of resisting arrest. The trial judge thus erred in refusing appellant's request to charge § 16-9-320(a).

In light of our decision to reverse and remand for a new trial, we need not reach appellant's remaining exceptions.

Reversed and remanded.

GREGORY, C. J., and CHANDLER, FINNEY and TOAL, JJ., concur.