23062

The STATE, Respondent v. David Jason EUSTACE, Jr., Gregory Todd Boyd, Tracy Lee Haynes, Allie Ray Porter, and Bobby Pate Weeks, of whom David Jason Eustace, Jr., Gregory Todd Boyd, Allie Ray Porter, and Bobby Pate Weeks are Appellants.

(382 S. E. (2d) 918)

Supreme Court

*Billy J. Garrett, Jr.*, and *John R. McCravy, III*, both of *Callison, Dorn, Thomason & Garrett, P.A.*, Greenwood, *for appellants.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.*, and *Amie L. Clifford*, Columbia, and *Sol. W. Townes Jones*, Greenwood, *for respondent.*

Submitted April 25, 1989.

Decided Aug. 14, 1989.

*Per Curiam:*

Appellants were convicted of night hunting as defined in S. C. Code Ann. § 50-11-20 (1976 and Supp. 1987).[1] We affirm.

Appellants assert that the trial court's failure to charge the jury on spotlighting as a lesser included offense of night hunting constituted error. We disagree.

The test to determine if a crime is a lesser included offense of the crime charged is whether the greater offense includes all of the elements of the lesser offense. *State v. Ritter*, 296 S. C. 51, 370 S. E. (2d) 610 (1988); *State v. Suttles*, 279 S. C. 87, 302 S. E. (2d) 338 (1983).

Section 50-11-20 provides, in part:

> There shall be no night hunting in this State except for raccoons, opossums, foxes, mink and skunk; and these may not be hunted with artificial lights except when treed or cornered with dogs, or with buckshot or any shot larger than a number four, or any rifle ammunition of a greater caliber than a twenty-two.
>
> The use at night of artificial lights, except vehicle headlights while traveling in a normal manner on a public road or highway, while in possession of or with immediate access to both ammunition of a type prohibited for use at night by this section and a weapon capable of firing such ammunition shall constitute prima facie evidence of night deer or bear hunting.
>
> For the purposes of this section, the word "night" shall be defined as that period of time between one hour after official sundown of a day and one hour before official sunrise of the following day.

The offense of spotlighting is defined in S. C. Code Ann. § 50-11-15 (Supp. 1987)[2] as: "The use of artificial lights from any vehicle or water conveyance for the purpose of observing or harassing wildlife ... after 11:00 p.m."

---

[1] This section was subsequently amended and recodified as S. C. Code Ann. § 50-11-710 (Supp. 1988).

[2] This section has been recodified as S. C. Code Ann. § 50-11-700 (Supp. 1988).

These two sections do not contain the same elements. Section 50-11-15 requires the spotlighting to be after 11:00 p.m. while night hunting is prohibited between one hour after official sundown of a day and one hour before official sunrise of the following day.

The use of artificial lights is required for one to be guilty of spotlighting under § 50-11-15. Although the use of artificial lights while in possession of a weapon and ammunition may create an inference of night hunting, a person need not use artificial lights to be guilty of night hunting under § 50-11-20.

In addition, § 50-11-15 provides that the artificial lights must be from a vehicle or water conveyance. No such requirement is contained in the offense of night hunting.

Because night hunting does not include all of the elements of spotlighting, spotlighting is not a lesser included offense of night hunting. Therefore, the trial court did not err in refusing to charge the jury on the offense of spotlighting. Accordingly, the convictions are

Affirmed.