525 S.E.2d 261

**The STATE, Respondent,**

v.

**Charlie Lee WHITE, Appellant.**

**No. 3079.**

Court of Appeals of South Carolina.

Submitted Nov. 2, 1999.
Decided Nov. 29, 1999.

---

Assistant Appellate Defender Melody J. Brown, of the South Carolina Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, all of Columbia; and Solicitor Thomas E. Pope, of York, for respondent.

GOOLSBY, Judge:

Charlie Lee White appeals his conviction and sentence for driving under the influence, second offense. After the State rested, the solicitor informed the trial court that the State and defense had stipulated jurisdiction was proper in the trial court as this was White's second offense. South Carolina Code Annotated section 56–5–2980 (Supp.1998) states, "the indictment shall not contain allegations of prior offenses" if the accused stipulates with the solicitor "that the charge constitutes a second or further offense." The trial court allowed the jury to have the indictment and the exhibits with it during deliberations, but not before instructing trial counsel "[to] check the indictment and make sure the exhibits are in order to be taken back to the jury."

On appeal, White complains about the trial court's failure to redact from the indictment the phrase, "such not being the first offense within a period of ten years including and immediately preceding the foregoing date," before giving the indictment to the jury. We affirm.[1]

---

1. Because oral argument would not aid the court in resolving the issue on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

■ 1. The issue is not preserved for appellate review because White failed to raise it to the trial court in any way.[2] Indeed, his own conduct in failing to object to the unredacted indictment when given an express opportunity to review it prompted the very error about which he now complains. This he cannot do.[3]

■ 2. Nor is the issue, as White contends, one that affects the trial court's subject matter jurisdiction and thus permits him to raise it at this level notwithstanding his failure to present it first to the trial court. Although the statute forbids including language within an indictment of an accused's conviction of a prior offense when the accused and the solicitor stipulate "that the charge constitutes a second or further offense,"[4] nothing within the statute divests the court of subject matter jurisdiction to determine the issues involved in the case if the language is not removed from the indictment. We, of course, must take the statute as we find it, giving effect to the legislative intent as expressed in its language. We cannot under our power of construction supply an omission in the statute.[5] At most, the stipulation rendered the language in question surplusage. "Unnecessary language does not vitiate an indictment. . . ."[6]

**AFFIRMED.**

HOWELL, C.J., and HEARN, J., concur.

---

2. *State v. Fleming*, 254 S.C. 415, 175 S.E.2d 624 (1970); *see State v. Head*, 330 S.C. 79, 498 S.E.2d 389 (Ct.App.1997) (the court of appeals cannot address unpreserved errors).

3. *See State v. Whipple*, 324 S.C. 43, 476 S.E.2d 683, *cert. denied*, 519 U.S. 1045, 117 S.Ct. 618, 136 L.Ed.2d 541 (1996) (a party cannot complain of error his own conduct induced).

4. S.C.Code Ann. § 56–5–2980 (Supp.1998).

5. 82 C.J.S. *Statutes* § 328, at 635 (1953).

6. 41 Am.Jur.2d *Indictments and Information* § 103, at 721 (1995).