591 S.E.2d 637

The STATE, Respondent,

v.

Jeremy BRYSON, Appellant.

No. 3713.

Court of Appeals of South Carolina.

Heard Nov. 6, 2003.

Decided Dec. 15, 2003.

Rehearing Denied Jan. 30, 2004.

---

108

Assistant Appellate Defender Tara S. Taggart, of the South Carolina Office of Appellate Defense, of Columbia, for appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson; Assistant Attorney General Melody J. Brown; and Solicitor Warren Blair Giese, all of Columbia, for respondent.

HOWARD, J.:

Jeremy Bryson was indicted and tried for multiple charges, including assaulting a law enforcement officer while resisting arrest in violation of South Carolina Code Annotated section 16–9–320(B) (2003) and pointing a firearm in violation of South Carolina Code Annotated section 16–23–410 (2003). On appeal, Bryson argues the circuit court lacked subject matter jurisdiction for these two offenses because the court allowed

the amendment of both indictments immediately prior to trial, changing the identity of the law enforcement officer named as the victim in each. We agree with Bryson and vacate the two convictions.

## FACTUAL/PROCEDURAL BACKGROUND

Jeremy Bryson and a co-defendant robbed a man and woman at gunpoint. Bryson and the co-defendant then forced the female victim into a vehicle where the victim was sexually assaulted by Bryson while the co-defendant pointed a gun at her.

Shortly after the female victim was released, law enforcement officers initiated a chase of the vehicle in which Bryson was riding. The chase ended when the co-defendant wrecked the vehicle. Bryson exited the vehicle carrying a gun. After a brief struggle with Deputies Richardson and Brantly, Bryson was arrested.

The arrest warrant for assaulting an officer while resisting arrest listed both deputies as assaulted officers, and the arrest warrant for pointing a firearm listed both as victims. However, the indictments for these two charges list only Deputy Richardson and read as follows:

## RESISTING ARREST—ASSAULT ON OFFICER

That Jeremy Bryson did in Richland County on or about April 25, 2000, knowingly and willfully assault, beat or wound one **M.S. Richardson, RCSD,** a law enforcement officer of this State, while resisting the efforts of the said officer to make a lawful arrest of the said defendant, in violation of § 16–9–320(b), Code of Laws of South Carolina, (1976), as amended.

. . . . .

## POINTING A FIREARM

That Jeremy Bryson did in Richland County on or about April 25, 2000, point or present a firearm, to wit: Beta

Arms .380 Caliber Pistol SN# B08830 at one **Deputy Micah Richardson.**

(emphasis added).

Before jury selection, the state moved to amend each indictment by substituting Deputy Brantly for Deputy Richardson as the officer against whom the offense was committed.[1] Bryson objected to the amendments, asserting the changes would deprive him of notice of what he was required to defend. The circuit court allowed the amendments, ruling the change of the victim's name did not change the nature of the offenses charged.

Bryson was also indicted and simultaneously tried for the other charges stemming from his conduct on the day of his arrest, including kidnapping, criminal sexual conduct in the first degree, possession of a pistol by a person under the age of twenty-one, carrying a pistol, and two counts of armed robbery.[2]

Bryson was convicted of all charges except the charge of assaulting an officer while resisting an arrest. On this charge, the jury found Bryson guilty of the lesser-included offense of resisting arrest.[3]

Bryson was sentenced to thirty-year concurrent terms for kidnapping, criminal sexual conduct in the first degree, and for each of the two counts of armed robbery. He was sentenced to one year in prison for carrying a pistol and resisting arrest, to run concurrently with the thirty-year sentences. He was sentenced to five-years imprisonment each for possession of a firearm and pointing a firearm, both to run consecutively to the thirty-year concurrent sentences. Bryson

---

1. According to the record, Deputy Richardson was no longer employed by the sheriff's department at the time of trial and was unavailable as a witness.

2. Prior to trial, the state *nolle prossed* one count of possession of a stolen vehicle and a second count of possession of a pistol by a person under the age of twenty-one.

3. *See State v. Ritter*, 296 S.C. 51, 53, 370 S.E.2d 610, 610–11 (1988) (holding resisting arrest is a lesser-included offense of assaulting an officer while resisting arrest).

appeals his convictions for resisting arrest and pointing a firearm.

## LAW/ANALYSIS

### I. Subject Matter Jurisdiction for Assaulting an Officer while Resisting Arrest

Bryson argues the circuit court did not have subject matter jurisdiction to try him for assaulting an officer while resisting arrest.[4] We agree and vacate his conviction for the lesser-included offense of resisting arrest.

■  The subject matter jurisdiction of a court is fundamental and can be raised at any time. *Brown v. State*, 343 S.C. 342, 346, 540 S.E.2d 846, 848–49 (2001).

■  A trial court acquires subject matter jurisdiction to hear a criminal case by way of a legally sufficient indictment or a valid waiver thereof. *State v. Johnston*, 333 S.C. 459, 462, 510 S.E.2d 423, 424 (1999); *see* S.C. Const. art. I, § 11 (Supp. 2002) (stating "[n]o person may be held to answer for any crime the jurisdiction over which is not within the magistrate's court, unless on a presentment or indictment of a grand jury of the county where the crime has been committed").

■  An amendment to a legally sufficient indictment does not divest the trial court of subject matter jurisdiction so long as the amendment does not change the nature of the offense charged. *See* S.C.Code Ann. § 17–19–100 (2003) ("If . . . there be any defect in form in any indictments . . . the court before which the trial shall be had may amend the indictment . . . if such amendment does not change the nature of the offense charged . . .[; however, if] such amendment shall operate as a surprise to the defendant, . . . the defendant shall be entitled, upon demand, to a continuance of the cause.").

Conversely, an amendment to an indictment that changes the nature of the offense charged or. charges a different

---

4. Because Bryson was indicted for assaulting an officer while resisting arrest, we begin our inquiry by examining the amendment to the indictment of that offense to determine whether the circuit court had subject matter jurisdiction to try Bryson. We will then consider the circuit court's jurisdiction over the lesser-included offense of resisting arrest for which Bryson was convicted.

offense divests the trial court of subject matter jurisdiction. 41 Am. Jur.2d *Indictments and Informations* § 174 (1995) ("An indictment is impermissibly amended if the altered indictment charges a different offense or changes the nature of the offense."); *State v. Lynch*, 344 S.C. 635, 640–41, 545 S.E.2d 511, 514 (2001) (holding the nature of the offense changed when an indictment for first-degree burglary was amended to change the aggravating circumstance from entering during darkness to causing physical injury because "the proof required for each aggravating circumstance [was] materially different"); *Hopkins v. State*, 317 S.C. 7, 9, 451 S.E.2d 389, 390 (1994) (holding the nature of the offense changed because the amendment to the indictment increased the maximum penalty for the crime); *State v. Riddle*, 301 S.C. 211, 212, 391 S.E.2d 253, 253 (1990) (holding the nature of the offense was changed when an indictment was amended from assault with intent to commit third-degree criminal sexual conduct to assault with intent to commit first-degree criminal sexual conduct because the punishment for the amended offense was different from the punishment for the original offense); *State v. Sowell*, 85 S.C. 278, 283–84, 67 S.E. 316, 317–19 (1910) (holding when an amendment to an indictment substituted a different and distinct offense from the one charged, the trial court is divested of subject matter jurisdiction because the grand jury had not indicted the defendant on the substituted offense); *see also State v. Gunn*, 313 S.C. 124, 132–36, 437 S.E.2d 75, 80–82 (1993) (holding the scope of the jurisdiction conferred by an indictment is limited to the charged offense).

After carefully considering the indictment in this case, we conclude the amendment replaced the properly indicted count of assaulting an officer while resisting arrest with a second unindicted count of the same crime. Our analysis is predicated on the wording of South Carolina Code Annotated section 16–9–320(B). That section states: "It is unlawful for a person to knowingly and willfully ... assault, beat, or wound an officer when the person is resisting an arrest being made by one whom the person knows or reasonably should know is a law enforcement officer, whether under process or not." S.C.Code Ann. § 16–9–320(B).

Criminal statutes are "construed strictly against the state and in favor of the defendant." *State v. Blackmon*, 304

S.C. 270, 273, 403 S.E.2d 660, 662 (1991). However, "[i]f a statute's language is plain and unambiguous, and conveys a clear and definite meaning, there is no need to employ rules of statutory interpretation. . . . When the terms of a statute are clear, the court must apply those terms according to their literal meaning." *State v. Morgan*, 352 S.C. 359, 366–67, 574 S.E.2d 203, 206–07 (Ct.App.2002) (internal citations omitted).

The statute plainly states that one of the elements of assaulting an officer while resisting arrest is that "an officer" be assaulted. Because "an" is an article that modifies a singular noun, the plain language of the statute indicates the crime involves an assault on one officer. *See Webster's Third New Int'l Dictionary* 75 (1986). Thus, if two officers are assaulted, beaten or wounded in the course of the arrest, two separate violations of section 16–9–320(B) are committed.[5] *See State v. Maybank*, 352 S.C. 310, 313–14, 573 S.E.2d 851, 853 (Ct.App.2002) ("After the officers told Maybank he was under arrest, . . . Maybank engaged in several brief fights with [two officers] . . . and [was] later indicted for . . . two counts of assaulting a police officer while resisting arrest."); *see also State v. Hollman*, 232 S.C. 489, 503, 102 S.E.2d 873, 880 (1958) (holding a single act constitutes two separate offenses when "there are distinct elements in one offense which are not included in the other"), *rev'd on other grounds by, Stevenson v. State*, 335 S.C. 193, 516 S.E.2d 434 (1999) (overruling *Hollman's* holding by deciding that convictions for both assault and battery of a high and aggravated nature and resisting arrest do not constitute a double jeopardy violation).

In the present case, Bryson was the passenger in a vehicle involved in a high-speed chase. After the vehicle wrecked, Bryson exited the vehicle and fought with several sheriff's deputies who subsequently arrested Bryson. The arrest warrant listed Deputies Richardson and Brantly as assaulted officers. Based on the plain language of the statute and the facts as alleged by the state, Bryson could have been indicted for two counts of assaulting an officer while resisting arrest.

---

5. We have found no reported South Carolina cases, stating there was only one charge of assaulting an officer while resisting arrest when the defendant assaulted two officers during the course of an arrest.

Instead, Bryson was indicted for one count of assaulting an officer while resisting arrest, with the indictment listing Deputy Richardson as the assaulted officer. At the time the grand jury convened, the state did not indict Bryson for the additional count of assaulting Deputy Brantly.

However, before jury selection, the state moved to amend the indictment to substitute the unindicted charge listing Deputy Brantly as the assaulted officer for the indicted charge listing Deputy Richardson as the assaulted officer. The circuit court permitted the amendment.

Because the amendment substituted a different charge from the one presented to the grand jury, we hold the amendment divested the circuit court of subject matter jurisdiction to try Bryson for assaulting an officer while resisting arrest.[6] *See* S.C.Code Ann. § 17–19–100 (stating it is only when an amendment to an indictment does not change the nature of the offense charged that the amendment does not divest the trial court of subject matter jurisdiction); *see also* S.C. Const. art. I, § 11 (stating "[n]o person may be held to answer for any crime the jurisdiction over which is not within the magistrate's court, unless on a presentment or indictment of a grand jury of the county where the crime has been committed").

---

**6.** We note two cases that suggest an amendment to an indictment that changes the identity of the victim does not divest the circuit court of subject matter jurisdiction. *State v. Johnson*, 314 S.C. 161, 166, 442 S.E.2d 191, 194 (Ct.App.1994) (holding an amendment that changed the name of the owner of property listed in an indictment for breach of trust did not change the nature of the offense); *State v. Sweat*, 221 S.C. 270, 273–74, 70 S.E.2d 234, 235–36 (1952) (holding an amendment to a larceny indictment did not change the nature of the offense when the name listed as the owner of the stolen goods was changed to the name of the actual owner). These cases are distinguishable because each involved only one count of a particular crime, while the present case involves two counts of assaulting an officer while resisting arrest, and the separate counts can be distinguished only by knowing the identity of the victim involved. *See State v. Guthrie*, 352 S.C. 103, 111–12, 572 S.E.2d 309, 313–14 (Ct.App.2002) (holding an element is an essential ingredient of the crime when an amendment to that element would materially change the proof required to convict the defendant of the crime); 41 Am. Jur.2d *Indictments and Informations* § 168 (1995) (stating an amendment is substantive and thus not permitted unless "the same defense is available to the defendant both before and after the amendment and upon the same evidence").

■ Because the circuit court lacked subject matter jurisdiction to try Bryson on the amended indictment for assaulting Deputy Brantly while resisting arrest, the court lacked jurisdiction to convict Bryson for the lesser-included offense of resisting arrest. *See Ritter,* 296 S.C. at 53, 370 S.E.2d at 610–11 (holding resisting arrest is a lesser-included offense of assaulting an officer while resisting arrest).

The line of cases that state the circuit court has subject matter jurisdiction over a lesser-included offense for which the defendant was convicted involve instances where the indictment setting out the greater offense was valid. *State v. Primus,* 349 S.C. 576, 579–81, 564 S.E.2d 103, 105–06 (2002) (holding the circuit court had jurisdiction over the lesser-included offense of assault and battery of a high and aggravated nature, where a valid indictment for first-degree criminal sexual conduct existed); *Joseph v. State,* 351 S.C. 551, 555–58, 571 S.E.2d 280, 282–83 (2002) (holding the circuit court did not have subject matter jurisdiction for grand larceny, even though there was a valid indictment for robbery, because grand larceny is not a lesser-included offense of robbery). Thus, we conclude the conviction for the lesser-included offense of resisting arrest must be vacated.

## II.  Subject Matter Jurisdiction for Pointing a Firearm

Bryson argues the circuit court did not have subject matter jurisdiction to try him for pointing a firearm. We agree and vacate his conviction on this charge.

The analysis of the subject matter jurisdiction conferred by the amended indictment for the charge of pointing a firearm is the same as the analysis discussed for assaulting an officer while resisting arrest in the preceding section.

South Carolina Code Annotated section 16–23–410 states: "It is unlawful for a person to present or point at another person a loaded or unloaded firearm." The clear wording of this statute makes it illegal to point a firearm at a person. The offense is not defined as pointing a firearm at "one or more persons." It follows that if the defendant points a firearm at two people, two separate offenses are committed. *Morgan,* 352 S.C. at 367, 574 S.E.2d at 207 ("When the terms

of a statute are clear, the court must apply those terms according to their literal meaning.").

Here, Bryson exited a wrecked vehicle holding a gun. He pointed this gun at the officers who subsequently arrested him. The arrest warrant listed both Deputies Richardson and Brantly as the victims of Bryson's pointing a firearm. Based on the plain language of the statute and the facts alleged by the state, Bryson could have been indicted for two charges of pointing a firearm. However, Bryson was only indicted on one charge that listed Deputy Richardson as the victim. Prior to trial, the circuit court allowed an amendment to the indictment that substituted the unindicted charge listing Deputy Brantly as the victim for the indicted charge listing Deputy Richardson as the victim. For the same reasons as set forth in the preceding section, the circuit court was without jurisdiction to try or convict Bryson for pointing a firearm at Deputy Brantly. *See* S.C.Code Ann. § 17–19–100 (stating it is only when an amendment to an indictment does not change the nature of the offense charged that the amendment does not divest the trial court of subject matter jurisdiction); *Sowell,* 85 S.C. at 283–84, 67 S.E. at 317–19 (holding when an amendment to an indictment substituted a different and distinct offense from the one charged the trial court is divested of subject matter jurisdiction because the grand jury had not indicted the defendant on the substituted offense).

Based on the foregoing, Bryson's convictions for resisting arrest and pointing a firearm are

**VACATED.**[7]

STROM, Acting Judge, concurring.

STILWELL, J., concurring in part and dissenting in part.

STILWELL, J. (concurring in part and dissenting in part).

Although I agree that the conviction for pointing a firearm should be vacated for the reasons stated in the majority

---

7. Because oral argument would not aid the Court in resolving any issue on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

opinion, I am compelled to dissent as to the conviction for resisting arrest.

The indictment as originally drawn charged Bryson with assault on a police officer while resisting arrest. The jury acquitted him of that charge, but convicted him of the lesser-included offense of resisting arrest. *See State v. Ritter,* 296 S.C. 51, 370 S.E.2d 610 (1988) (16–9–320(B) includes all of the elements of section 16–9–320(B)—knowingly and willfully resisting a lawful arrest—subsection (A) is then necessarily a lesser-included offense of subsection (B)).

That is of no moment, however, because if the court was deprived of subject matter jurisdiction on the indictment because of the amendment prior to trial, it could not have convicted Bryson of the lesser-included offense. However, both subsections (A) and (B) are specific in that the prohibited conduct is limited to and must involve a particular class of individual, i.e., a law enforcement officer. The original indictment identifies the victim as a law enforcement officer of this state in addition to naming him. In my view, under the statute in question, it is not necessary to include the name of the law enforcement officer as long as the victim is clearly identified as such. Naming him would be mere surplusage. *State v. White,* 338 S.C. 56, 525 S.E.2d 261 (Ct.App.1999).

The majority opinion reasons that the amendment changing the identity of the officer deprives the trial court of subject matter jurisdiction because if more than one officer is assaulted, each assault is a separate offense and therefore the identity of the victim is necessary. If this indictment, as originally drafted, charged Bryson with assaulting several officers, I might be inclined to agree. However, I do not believe we have to address that issue because that is not the case before us. Bryson was charged with assaulting "a" police officer, and he was sufficiently apprised of what he had to defend against.

I do not believe that amending the indictment merely to change the name of the victim deprived the court of subject matter jurisdiction because it did not change the nature of the offense charged. I would therefore affirm the conviction for resisting arrest.