THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Antrea Labert Bellamy, Appellant.
 
 
 

Appeal From Horry County
 James E. Lockemy, Circuit Court Judge

Unpublished Opinion No. 2005-UP-142
Submitted February 1, 2005  Filed March 1, 2005  

AFFIRMED

 
 
 
Acting Chief Attorney Joseph L. Savitz, III, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General Melody J. Brown, all of Columbia;  and Solicitor John Gregory Hembree, of Conway, for Respondent.
 
 
 

PER CURIAM:  Antrea Labert Bellamy was indicted and convicted of armed robbery and murder.  He received concurrent sentences of thirty years imprisonment on each charge.  Bellamy appeals his conviction for armed robbery.  We affirm.[1]  
FACTS
Bellamy was indicted for the murder of Richard Hanson and the armed robbery of Hanson, Keri Newton, and Ashley Bushner.  The indictment for armed robbery stated: 

That ANTREA LABERT BELLAMY, aka Antrea Labult Bellamy did in Horry County on or about the 2nd of June 2001, while armed with a deadly weapon, to wit:  a handgun, take and carry away personal property from or in the immediate presence of Richard Hanson, Keri Newton and/or Ashley Bushner with intent to deprive him of possession by use of force, threats or intimidation, in violation of Section 16-11-330(A), S. C. Code of Laws, 1976, as amended.  

Bellamy was tried before a jury on these charges.  At trial, the State presented testimony of Bushner, Newton, and Matthew Williams.  Williams, who was Newtons fiancé, was present at the time of the alleged robbery and murder.  Bushner and Newton testified to the events that occurred on the night in question upon returning to Williams home after a trip to a convenience store.  
Newton testified when she attempted to get out of the car one of the men pulled her out and to the ground.  [W]ith a gun to my head, tells me to keep my head down, asking if nobody gives up any money, my brains are getting blown out; and he just asked me if I had money and that time thats when Matthew [Williams] and Ricky [Hanson] came outside.  The prosecutor then asked Newton if anything was stolen from anybody that night, to which she responded, Not to my knowledge.  Newton stated she recalled three assailants, but only two having guns.  
Bushner provided testimony similar to Newtons and confirmed there were three assailants, but recalled all three having guns.  Bushner also testified, Nobody talked to me or messed with me at all.  
Williams also testified to the presence of three men, all of whom were armed with guns, at his home that night.  Williams, however, stated he and Hanson, who was shot and killed during the incident, were told by an assailant, One of you are going to die tonight if you dont give us the money.  Williams testified another assailant said, Give me your jewelry, take your rings off, take your necklace off, give me your money . . . .  Williams responded by giving the men money and a ring.  
At the close of the States case, Bellamys attorney moved for a directed verdict on both the murder and the armed robbery charges.  As to the armed robbery charge, Bellamy argued the case lacked sufficient evidence to go to the jury because none of the witnesses could identify him as one of the assailants.  In addition, Bellamys attorney asserted the evidence suggested Bellamy was attempting to collect money Hanson owed him, rather than committing a robbery.  The trial court denied these motions and submitted the case to the jury.  The jury convicted Bellamy of both murder and armed robbery.  Bellamy appeals his conviction on the armed robbery charge.[2] 
LAW/ANALYSIS
On appeal, Bellamy argues the trial court lacked subject matter jurisdiction to try him on the armed robbery charge.  We disagree. 
 Issues involving the subject matter jurisdiction may be raised at any time.[3]  A circuit court has subject matter jurisdiction if:  (1) there has been an indictment, which sufficiently states the offense; (2) there has been a waiver of indictment; or (3) the charge is a lesser included charge of the crime charged in the indictment.[4]  An indictment is sufficient to convey jurisdiction if it apprises the defendant of the elements of the offense intended to be charged and informs the defendant of the circumstances he must be prepared to defend.[5]
 The supreme court has defined robbery as the felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear.[6]  Armed robbery occurs when a person commits robbery while armed with a deadly weapon.[7]
 We hold the indictment is sufficient on its face to confer subject matter jurisdiction on the trial court to try Bellamy for the offense of armed robbery.  It contains all the required elements of an armed robbery offense and sufficiently places Bellamy on notice that he was to be tried on the offense of armed robbery against Hanson, Newton, and Bushner.[8] 
 Although Bellamy frames his issue on appeal as that of lack of subject matter jurisdiction by the trial court, he argues a material variance existed between the allegations in the indictment for armed robbery and the proof provided at trial.  Specifically, he contends the State did not provide sufficient proof to convict him of the armed robbery of Hanson, Newton, and Bushner.  Rather, the only evidence of armed robbery provided at trial supports the armed robbery of Williams, who was not included in the indictment.  We hold this argument does not address Bellamys contention that subject matter jurisdiction was lacking; therefore, it is not properly preserved for our review.            
 A material variance between the charge and the proof entitles the defendant to a directed verdict.[9]  Although Bellamy moved for a directed verdict, his motion did not include the argument that a material variance existed between the indictment and the evidence presented by the State.  Issues not raised to the trial court in support of a directed verdict motion are not preserved for appellate review.[10]  We therefore cannot address this issue on appeal. 
  AFFIRMED. 
  GOOLSBY, HUFF, and STILWELL, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.
[2]  Pursuant to Anders v. California, 386 U.S. 738 (1967), Bellamys appellate counsel filed an appeal and a petition to be relieved as counsel, arguing the trial court failed to instruct the jury on the law of accident.  Bellamy also submitted a pro se brief.  This court denied counsels petition to be relieved and ordered the parties to brief the issue of whether a material variance existed between the allegations of Bellamys armed robbery indictment and the proof at trial, thus defeating subject matter jurisdiction.  The rebriefing order noted this issue was the only point of arguable merit in Bellamys appeal.
[3]  Mathis v. State, 355 S.C. 87, 90, 584 S.E.2d 366, 368 (2003).
[4]  Locke v. State, 341 S.C. 54, 56, 533 S.E.2d 324, 325 (2000). 
[5]  Id.
[6]  Joseph v. State, 351 S.C. 551, 556, 571 S.E.2d 280, 282 (2002).
[7]  Id.
[8]  See State v. Bryson, 357 S.C. 106, 114 n.6, 591 S.E.2d 637, 641 n.6 (Ct. App. 2003) (noting an amendment to an indictment that changes the identity of the victim does not necessarily divest a trial court of subject matter jurisdiction and explaining that the critical point in Bryson was the fact that this case involved two counts of assaulting an officer while resisting arrest that could be distinguished only by knowing the identity of the victim involved).
[9]  State v. Evans, 322 S.C. 78, 81, 470 S.E.2d 97, 99 (1996).  
[10] Creech v. South Carolina Wildlife and Marine Res. Dept,
328 S.C. 24, 34, 491 S.E.2d 571, 576 (1997).