584 S.E.2d 366

**Robert L. MATHIS, Jr., Petitioner,**

v.

**STATE of South Carolina, Respondent.**

No. 25684.

Supreme Court of South Carolina.

Heard June 25, 2003.

Decided July 28, 2003.

Assistant Appellate Defender Robert M. Dudek, Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Chief Capital and Collateral Litigation Attorney Donald J. Zelenka, Assistant Deputy

Attorney General Allen Bullard, and Assistant Attorney General Douglas E. Leadbitter, all of Columbia, for respondent.

Chief Justice TOAL:

Petitioner, Robert L. Mathis ("Petitioner"), challenges his first degree burglary conviction alleging that the circuit court lacked subject matter jurisdiction to convict him. In the alternative, Petitioner argues that the Court of Appeals erred in affirming the circuit court's dismissal of his petition for writ of habeas corpus.

## · FACTUAL/PROCEDURAL BACKGROUND

Petitioner was convicted *in absentia* of first-degree burglary in 1990. After the jury returned with the verdict, the trial judge issued a sealed sentence. In 1995, Petitioner appeared with his attorney to have the sentence—life imprisonment—read to him. Petitioner appealed and was informed by his attorney on January 3, 1997, that his conviction had been affirmed on direct appeal.[1]

On October 5, 1999, Petitioner filed a petition for writ of habeas corpus in the circuit court. The State filed a return and motion to dismiss, arguing that Petitioner must file a petition for writ of habeas corpus in the original jurisdiction of this Court because he had not exhausted his remedies in PCR.

The circuit court dismissed the petition accordingly, agreeing that petitioning this Court in its original jurisdiction was Petitioner's only remedy because he had not exhausted his PCR remedies nor shown that PCR was not available to him. Petitioner appealed, and the Court of Appeals affirmed the circuit court's dismissal. *Mathis v. State,* Op. No.2001–UP–300 (S.C. Ct.App. filed May 31, 2001).

After the Court of Appeals denied Petitioner's motion for rehearing, Petitioner filed a petition for writ of certiorari. All five members of this Court granted certiorari. Subsequently, Petitioner filed a motion to vacate his conviction for first

---

1. The letter from Petitioner's attorney stated, "You will need to try other avenues for your appeal," but did not mention post-conviction relief ("PCR") specifically or that Petitioner had one year from the filing of the final decision of the appeal in which to file a PCR application. S.C.Code Ann. § 17–27–45(A) (Supp.1995 & 2002).

degree burglary on grounds that the circuit court lacked subject matter jurisdiction to convict him of that offense because the indictment failed to name all the elements of first degree burglary enumerated in S.C.Code Ann. § 16-11-311. The Court granted Petitioner leave to address the subject matter jurisdiction issue in this proceeding.

The following issues are presently before the Court:

I.   Did the circuit court have subject matter jurisdiction to convict Petitioner of first degree burglary when the indictment did not name a circumstance of aggravation?

II.  Did the Court of Appeals err in affirming the dismissal of Petitioner's petition for writ of habeas corpus rather than treating the petition as an application for PCR?

## LAW/ANALYSIS

### I.  Indictment

■ Petitioner argues that the circuit court lacked subject matter jurisdiction to convict him of first degree burglary because the indictment failed to state an element of the crime: a circumstance of aggravation. We agree.

■ Issues related to subject matter jurisdiction may be raised at any time. *Browning v. State,* 320 S.C. 366, 465 S.E.2d 358 (1995); *State v. Funderburk,* 259 S.C. 256, 191 S.E.2d 520 (1972). A circuit court has subject matter jurisdiction if: (1) there has been an indictment that sufficiently states the offense; (2) there has been a waiver of the indictment; or (3) the charge is a lesser included offense of the crime charged in the indictment. *Cutner v. State,* 354 S.C. 151, 580 S.E.2d 120 (2003). "The true test of the sufficiency of an indictment is not whether it could be made more definite and certain, but whether it contains the necessary elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet." *Browning,* 320 S.C. at 368, 465 S.E.2d at 359 (citing *State v. Munn,* 292 S.C. 497, 357 S.E.2d 461 (1987)).

In *Browning,* defendant was convicted of seven counts of second degree burglary after pleading guilty. 320 S.C. at 367-68, 465 S.E.2d at 359. At the time of the indictments in

question, second-degree burglary of a building required that the burglary be accompanied by a circumstance of aggravation as defined by S.C.Code Ann. § 16–11–312(B).[2] *Id.* (citing S.C.Code Ann. § 16–11–312(B) (Supp.1993)). None of the seven indictments in *Browning* stated any circumstances of aggravation. Consequently, the Court found that the indictment failed to "contain the necessary elements of *second* degree burglary." *Browning*, 320 S.C. at 369, 465 S.E.2d at 359. The Court held, "[b]ecause no circumstances of aggravation were stated, the indictments were insufficient, and the circuit court lacked jurisdiction to accept [defendant's] guilty plea to second degree burglary." *Id.* The Court then vacated the defendant's plea and sentence for second degree burglary. *Id.*[3]

In the present case, Petitioner was indicted for first and second degree burglary in 1990, and convicted *in absentia* of first degree burglary in 1995. In 1990, first degree burglary was defined as follows:

A person is guilty of burglary in the first degree if the person enters a dwelling without consent and with intent to commit a crime therein, and either:

(1) When effecting entry or while in the dwelling or in immediate flight therefrom, he or another participant in the crime:

(a) Is armed with a deadly weapon or explosive; or

(b) Causes physical injury to any person who is not a participant in the crime:

(c) Uses or threatens the use of a dangerous instrument; or

---

2. Section 16–11–312(B) lists three types of aggravating circumstances. The first category occurs when the burglar enters the building with some type of weapon, threatens to use a dangerous instrument, or physically harms any person who is not a participant in the crime. The second category makes any burglary second degree if the person committing it has two or more prior burglary convictions. The third category applies to all burglaries that occur at nighttime.

3. *See also State v. Lynch,* 344 S.C. 635, 545 S.E.2d 511 (2001) (finding that although it is only one element of the crime, the aggravating circumstance is " 'the essence' of first degree burglary" and must be included on the indictment presented to the grand jury to confer subject matter jurisdiction on the circuit court).

  (d) Displays what is or appears to be a knife, pistol, revolver, rifle, shotgun, machine gun, or other firearm; or

  (2) The burglary is committed by a person with a prior record of two or more convictions for burglary or housebreaking or a combination of both; or

  (3) The entering or remaining occurs in the nighttime.

S.C.Code Ann. § 16–11–311(A) (Supp.1990).

Petitioner's indictment fails to list any of the circumstances of aggravation provided for in section 16–11–311(A)(1), (2), or (3). It does not indicate that Petitioner had a weapon, harmed anyone, or threatened to use force, nor does it indicate that Petitioner had prior burglary convictions or that the burglary occurred at night. Accordingly, we find that the indictment failed to state the necessary elements of the offense under *Lynch* and *Browning.* Therefore, the circuit court lacked subject matter jurisdiction to convict Petitioner of first degree burglary, and Petitioner's conviction for that offense must be vacated.[4]

## II. Habeas Petition

Petitioner argues that his petition to the circuit court for writ of habeas corpus should have been evaluated as a PCR application because he was deprived of his "one bite of the apple" in PCR. Based on our conclusion that the circuit court lacked subject matter jurisdiction to convict Petitioner due to an insufficient indictment, it is unnecessary for us to address this issue.

---

4. In reaching this conclusion, we considered the impact of S.C.Code Ann. § 17–19–90 (Supp.2002). First enacted in 1887, section 17–19–90, requires objections to defects apparent on the face of an indictment be made before the jury is sworn. This section has not been amended since its original enactment and has not been cited in recent years by this Court in its discussion of the sufficiency of indictments. In our opinion, this statutory provision applies to defects in an indictment that do not affect the subject matter jurisdiction of the circuit court. Our modern jurisprudence makes it clear that failure to list an aggravating circumstance does affect subject matter jurisdiction, and that subject matter jurisdiction cannot be waived and may be raised at any time. Thus, we believe section 17–19–90 does not limit a court's consideration of indictment defects that affect subject matter jurisdiction, no matter when such issues are raised. *Lynch; Browning*

CONCLUSION

For the foregoing reasons, we **VACATE** Petitioner's first-degree burglary conviction.[5]

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

---

**5.** The State argues that this Court should direct the entry of judgment against Petitioner on the lesser included offense of second degree burglary for which Petitioner was also indicted. This Court exercised its option to do so in *State v. Muldrow*, 348 S.C. 264, 559 S.E.2d 847 (2002) (sentencing defendant to lesser included offense of strong arm robbery after finding that insufficient evidence was submitted to support conviction for greater offense). In this case, although Petitioner was indicted for second degree burglary, the record on appeal reflects that second degree burglary was never presented to the jury as an option and was not charged to the jury at the close of the case. Under the circumstances presented in this case, we decline to direct the entry of judgment on the lesser offense.