THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE 
 CITED OR RELIED ON IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Albert Scruggs,       
Appellant.
 
 
 

Appeal From Richland County
G. Thomas Cooper, Circuit Court Judge

Unpublished Opinion No. 2004-UP-226
Submitted January 29, 2004  Filed March 
 30, 2004

REMANDED

 
 
 
Assistant Appellate Defender Robert M. Pachak, Office of Appellate 
 Defense, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Attorney General W. Rutledge Martin, all 
 of Columbia; and Solicitor Warren B. Giese, of Columbia, for Respondent.
 
 
 

 PER CURIAM:  Albert Scruggs was 
 convicted of second-degree burglary, kidnapping, and assault with intent to 
 commit first-degree criminal sexual conduct.  The circuit court sentenced him 
 to fifteen years imprisonment for second-degree burglary, life imprisonment 
 without parole for kidnapping, and life imprisonment without parole for assault 
 with intent to commit first-degree criminal sexual conduct, the sentences to 
 run concurrently.  Scruggs appeals, arguing the circuit court lacked subject 
 matter jurisdiction because the States indictment against him for assault with 
 intent to commit first-degree criminal sexual conduct was jurisdictionally defective.  
 We remand.
FACTUAL/PROCEDURAL BACKGROUND
A grand jury indicted Scruggs for second-degree burglary, 
 kidnapping, and assault with intent to commit first-degree criminal sexual conduct.  
 During the trial, the State moved to amend the indictment for assault with intent 
 to commit criminal sexual conduct, and the circuit court granted the motion.  
 Subsequently, Scruggs was convicted on all the charges.  Scruggs appeals.
DISCUSSION
Scruggs argues the circuit court lacked subject matter jurisdiction 
 over his charge for assault with intent to commit first-degree criminal sexual 
 conduct because the States indictment was jurisdictionally defective.  
Issues related to subject matter jurisdiction Search 
 Term Begin Search Term End may be raised at any time.  Carter v. State, 
 329 S.C. 355, 362, 495 S.E.2d 773, 777 (1998). A circuit court has subject matter 
 jurisdiction if: (1) there has been an indictment which sufficiently states 
 the offense; (2) there has been a waiver of indictment; or (3) the charge is 
 a lesser included offense of the crime charged in the indictment.  Id.   
 The true test of the sufficiency of an indictment is not whether it could be 
 made more definite and certain, but whether it contains the necessary elements 
 of the offense intended to be charged and sufficiently apprises the defendant 
 of what he must be prepared to meet.  Browning v. State, 320 S.C. 366, 
 368, 465 S.E.2d 358, 359 (1995).  
A circuit court lacks subject matter jurisdiction if the 
 indictment fails to allege an essential element of the offense charged.  Mathis 
 v. State, 355 S.C. 87, 92, 584 S.E.2d 366, 368-69 (2003) (holding where 
 States indictment for first-degree burglary failed to allege an aggravating 
 circumstance, the circuit court lacked subject matter jurisdiction).
South Carolina Code Annotated section 16-3-652 
 (2003) states a person is guilty of criminal sexual conduct in the first degree 
 if:

the actor engages in sexual battery with the victim and if 
 any one or more of the following circumstances are proven: (a) The actor uses 
 aggravated force to accomplish sexual battery. (b) The victim submits to sexual 
 battery by the actor under circumstances where the victim is also the victim 
 of forcible confinement, kidnapping, robbery, extortion, burglary, housebreaking, 
 or any other similar offense or act.  (c) The actor causes the victim, without 
 the victims consent, to become mentally incapacitated or physically helpless 
 by administering, distributing, dispensing, delivering, or causing to be administered, 
 distributed, dispensed, or delivered a controlled substance, a controlled substance 
 analogue, or any intoxicating substance.

The caption for the indictment for assault with intent to 
 commit first-degree criminal sexual conduct stated, ASSAULT WITH INTENT 
 TO COMMIT CRIMINAL SEXUAL CONDUCT, 1ST SC Code:  16-3-656, 652(2)[,] 
 and the body alleged, THAT ALBERT SCRUGGS DID IN RICHLAND COUNTY ON OR ABOUT 
 JUNE 6, 2002, WILFILLY, UNLAWFULLY, AND FELONIOUSLY ATTEMPT TO COMMIT A SEXUAL 
 BATTERY UPON AND WITH THE BODY OF MARGARET LEWIS.  (emphasis as in original).  

During the trial, the State amended the indictment, adding 
 the following to its body, 

WITHOUT HER CONSENT.  SUCH SEXUAL BATTERY WAS ACCOMPLISHED 
 BY THE USE OF AGGRAVATED FORCE TO WIT:  THE INTENT TO COMMIT A FELONY AND/OR 
 DESPARITY [SIC] BETWEEN THE PHYSICAL CONDITIONS OF THE PARTIES AND/OR A DIFFERENCE 
 IN SEXES AND/OR INDECENT LIBERTIES OR FAMILIARITIES WITH A FEMALE.  AND/OR IS 
 ALSO THE VICTIM OF FORCEABLE CONFINEMENT, KIDNAPPING, BURGLARY, OR OTHER SIMILAR 
 OFFENSE.  ALL IN VIOLATION OF SC CODE OF LAWS 16-3-656. AND SC CODE OF LAWS 
 16-3-652. 

(emphasis as in original).  
The States original indictment for assault with intent to 
 commit criminal sexual conduct does not state an aggravating circumstance listed 
 in section 16-3-652.  Thus, the circuit court lacked subject matter jurisdiction 
 on the original indictment.  See Mathis, 355 S.C. at 92, 584 S.E.2d 
 at  368-69 (holding where States indictment for first-degree burglary failed 
 to allege an aggravating circumstance, the circuit court lacked subject matter 
 jurisdiction).  Consequently, we must determine if the States amendment was 
 an action by the grand jury, for if it was not, the State could not amend the 
 indictment, adding the substantive elements, to vest the circuit court with 
 subject matter jurisdiction.  See State v. Ervin, 333 S.C. 351, 
 356, 510 S.E.2d 220, 223 (Ct. App. 1998) (holding the circuit court may not 
 acquire subject matter jurisdiction by permitting the State to amend an otherwise 
 jurisdictionally-defective indictment); see also Stirone v. United 
 States, 361 U.S. 212, 218 (1960) (The very purpose of the requirement that 
 a man be indicted by grand jury is to limit his jeopardy to offenses charged 
 by a group of his fellow citizens acting independently of either prosecuting 
 attorney or judge.); United States v. McGrath, 558 F.2d 1102, 1105 n. 
 3 (2nd Cir. 1977) (The principal justification for barring amendment by the 
 court or prosecutor is the possibility that the Grand Jury might have voted 
 no bill on the amended facts. When the amendment is made by the Grand Jury, 
 this danger does not exist.); 41 Am Jur. 2d Indictments and Informations 
 § 173 (1995) (stating an indictment may not be amended except by resubmission 
 to the grand jury, unless the change is merely a matter of form). 
The State amended the body of the indictment to allege aggravating 
 circumstances.  Adjacent to the amended language are the initials, WSS and 
 then the statement AS AMENDED, with a signature, from someone other than the 
 person who initialed the amendment, and the date.  No evidence exists within 
 the record indicating who either initialed or signed the indictments amendment.  
 However, neither of the signatures are that of the presiding circuit court judge.  
 Furthermore, the State, in its respondents brief, contends the amendment could 
 have been the foreperson of the grand jury.  
Given the record before us, we cannot determine whether the 
 grand jury approved the amended language of the indictment.  Thus, we remand 
 this matter to the circuit court for a factual determination as to whether the 
 amendment was submitted to the grand jury.  See State v. Grim, 
 341 S.C. 63, 67, 533 S.E.2d 329, 330 (2000) (holding where indictment did not 
 disclose if it was true-billed, the appropriate remedy was to remand the case 
 to the circuit court).
CONCLUSION
For the foregoing reasons, this appeal is REMANDED 
 to the circuit court.
GOOLSBY, HOWARD, and KITTREDGE, JJ., concurring.