THIS OPINION HAS NO
PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
Donnie Harkins,       
Petitioner,
 
 
 

v.

 
 
 
State of South Carolina,       
Respondent.
 
 
 

ON WRIT OF CERTIORARI

Appeal From Newberry County
Wyatt T. Saunders, Trial Judge
James W. Johnson, Jr., Post-Conviction 
 Relief Judge

Memorandum Opinion No. 2005-MO-001
Submitted December 3, 2004  Filed January 
 10, 2005

REVERSED IN PART

 
 
 
Assistant Appellate Defender Aileen P. Clare, South Carolina Office of Appellate 
 Defense, of Columbia, for Petitioner.
Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, 
 Assistant Deputy Attorney General Salley Elliott, Assistant Attorney General 
 Christopher L. Newton, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  Petitioner seeks a writ of certiorari from the denial of 
 his application for post-conviction relief (PCR).  We grant the petition for 
 a writ of certiorari, dispense with further briefing, and reverse the PCR judges 
 order in part.
Petitioner pled guilty to three counts of first degree 
 burglary, five counts of second degree burglary, four counts of grand larceny, 
 and two counts of possession of a firearm during a violent crime.  He was sentenced 
 to twenty-five years imprisonment for each of the first degree burglary convictions, 
 all to run concurrent, and received suspended sentences for the remainder of 
 his convictions. [1]   Petitioner did not appeal his convictions or sentences.
Petitioners convictions stemmed from a crime spree committed 
 by he and two co-defendants.  One of the incidents involved the home of Jeremy 
 Larson.  In the indictment for the burglary of Larsons home, #00GS36-58 (indictment 
 58), petitioner was indicted for first and second degree burglary, both charges 
 stemming from a single event.  Petitioner pled guilty and was sentenced on both 
 charges.
Petitioner argued trial counsel was ineffective for advising 
 him to plead guilty to first and second degree burglary when the two charges 
 were from the same incident, thus constituting a double jeopardy violation.  
 The PCR judge found the sentences for both first and second degree burglary 
 on indictment 58 did not constitute double jeopardy.  The PCR judge held, While 
 the trial record does support that allegation somewhat . . . the sentencing 
 sheets in the case do not, which leads this Court to believe that the trial 
 judge simply misspoke. [2]   No probative evidence was submitted 
 in support of an actual double jeopardy violation.
The double jeopardy clause protects individuals against a second prosecution 
 for the same offense after an acquittal or conviction, and protects against 
 multiple punishments for the same offense.  State v. Easler, 327 S.C. 
 121, 489 S.E.2d 617 (1997).  In Blockburger 
 [3] the United State [sic] Supreme Court held that where the same act or 
 transaction constitutes a violation of two distinct statutory provisions, the 
 test to determine whether these are two offenses or only one is whether each 
 provision requires proof of an additional fact which the other does not.  
 Id.  A lesser-included offense is one that requires no proof beyond that 
 which is required for a conviction of the greater offense.  State v. Cribb, 
 310 S.C. 518, 426 S.E.2d 306 (1992).  Second degree burglary is a lesser-included 
 offense of first degree burglary.  See State v. Mathis, 355 S.C. 
 87, 584 S.E.2d 366 (2003).  When there are multiple punishments imposed in the 
 same trial, the double jeopardy clause does no more than prevent the sentencing 
 court from prescribing greater punishment than the legislature intended.  State 
 v. Wilson, 311 S.C. 382, 429 S.E.2d 453 (1993) (Toal, J., concurring).
Petitioners convictions for first and second degree burglary, 
 both stemming from indictment 58, violate the double jeopardy clause.  The indictment 
 shows the charges arose from the same date, place, and dwelling.  The sentencing 
 sheets clearly show petitioner was sentenced for both first and second degree 
 burglary under indictment 58.  Accordingly, there is no evidence to support 
 the PCR judges decision that there was no evidence submitted in support of 
 an actual double jeopardy violation.  Pierce v. State, 338 S.C. 139, 
 526 S.E.2d 222 (2000) (PCR judge will be reversed when decision is controlled 
 by an error of law).  Petitioners second degree burglary conviction stemming 
 from indictment 58 is therefore vacated and the portion of the PCR judges order 
 addressing the double jeopardy violation is reversed.
 REVERSED IN PART.
TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, 
 JJ., concur. 

 
 [1] Petitioner received ten year suspended sentences 
 for each of the second degree burglary convictions, and five year suspended 
 sentences for each of the grand larceny and possession of a firearm convictions.

 
 [2] The passage the PCR judge is referring to states, 
 In indictment 2000-58, its the order, adjudication, and sentence of the 
 court that Donnie Lee Harkins be confined to the State Department of Corrections 
 for a term of twenty-five years, concurrent with the aforementioned sentences.  
 In 2000-58, burglary in the second degree, he is confined to the State Department 
 of Corrections for a term of ten years.  That is suspended.

 
 [3] Blockburger v. United States, 284 U.S. 
 299, 52 S. Ct. 180, 76 L. Ed. 2d 306 (1932).